MATTER OF PARASKOS

In ADVANCE SECTION 212(c) Proceedings

A-1050350

*Decided by Board March 6, 1964*

Since applicant's inadmissibility under section 212(a)(22) by virtue of having filed DSS Form 301 in 1942 was known to, and considered by, the Congress in approving the suspension of his deportation in 1959, and since the creation of a record of lawful permanent residence pursuant thereto removed any known exclusion ground which existed prior to that date, his application for advance section 212(c) waiver of such ground of inadmissibility is denied, as unnecessary.

The case comes forward pursuant to certification by the district director of his decision dated January 8, 1964, dismissing the application for the advance exercise of permission to return to an unrelinquished domicile pursuant to section 212(c) of the Immigration and Nationality Act.

The record relates to a native and citizen of Turkey, 51 years old, male, who entered the United States on May 24, 1937, as a nonimmigrant treaty trader and has resided here continuously since that date. On November 11, 1942, he applied for relief from United States military service by executing and filing DSS Form 301 with the Selective Service Board, as a result of which his military draft classification was changed on June 21, 1943 from Class I-A to Class IV-C.

On June 28, 1957, deportation proceedings were commenced against the alien charging that he remained in the United States beyond December 26, 1956, without authority. In the deportation proceedings it was brought out that the alien was lawfully married on June 26, 1943, to a native-born United States citizen and they have a minor native-born United States citizen child. The alien's wife suffered from ulcers and a form of anemia and his child was under medical care for a kidney ailment. He is self-employed in the import-export business. The alien showed substantial assets in this country, presented evidence that he had been continuously present in the United States for at least the preceding 7 years, and no criminal record was shown.

491

The alien in those deportation proceedings testified that before he filed Form DSS 301 he consulted with the Consul General of Turkey and was informed that under Turkish law if he served in the Armed Forces of the United States he would not be able to return to Turkey, his property there would be confiscated, and his mother and brother might suffer discrimination in Turkey. On the advice of the Consul he therefore executed the Form DSS 301. Thereafter, when Turkey became a cobelligerent on February 23, 1945, the alien was reclassified and placed in Class I–A but he was removed from that class because of overage.

The special inquiry officer, while not condoning his action in requesting exemption from military service as a neutral alien, in view of the fact that his uncontradicted testimony indicated that such action was prompted by the advice of the Consul General of Turkey and that he was willing to serve in the Armed Forces of the United States after Turkey became a cobelligerent, the claim of exemption should not bar him from a grant of suspension or deportation in view of the other meritorious factors in the case. On July 8, 1957, the special inquiry officer ordered that the deportation of the alien be suspended under the provisions of section 244(a)(1) of the Immigration and Nationality Act, the case was certified to the Regional Commissioner, Northeast Region, for review and on September 16, 1959, the suspension of deportation of the alien was approved by Congress.

The applicant now wishes to proceed abroad temporarily in connection with his import-export business. While he urges that the creation of a record of lawful permanent residence in 1959 vitiates any known grounds of excludability existing at that time, he has however filed this application in an endeavor to resolve any question as to his possible inadmissibility under section 212(a)(22) of the Immigration and Nationality Act.

Suspension of deportation under section 244 of the Immigration and Nationality Act requires, in the event of a favorable decision, that the case be reported to Congress and unless the Senate or House of Representatives passes a resolution that it does not favor the suspension of such deportation, the deportation of the alien is suspended and the deportation proceedings cancelled by the Attorney General.

It can thus be seen that the discretionary relief of suspension of deportation is legislative as well as administrative in character. Indeed, prior to the enactment of the Alien Registration Act of June 28, 1940, which vested in the Attorney General the discretionary authority to suspend deportation and to grant permanent residence to specified classes of aliens, the only relief in many cases was the passage of a private relief bill in Congress.[1] It was held in *Matter of J—*,

---

[1] W. M. Besterman, Commentary on the I. & N. Act, 8 U.S.C.A. 65, 66

6 I. & N. Dec. 287, that where Congress, in enacting private legislation intended to permit the alien to gain lawful permanent residence in the United States and with full knowledge of prior deportation, authorized reentry by a private bill waiving the provisions of the Act of March 4, 1929, relating to permission to reapply after arrest and deportation, the alien did not become deportable under section 241(a)(13) of the Immigration and Nationality Act by reason of his prior misconduct. Analagous cases are found in the recommendation by a court against deportation on criminal grounds, which was held to immunize an alien from exclusion on those grounds.[2] It has also been held that grounds for exclusion known at the time of approval of an alien's application for creation of a record of lawful admission pursuant to section 249 of the Act was waived for the purposes of reentry.[3]

In the instant case, when the alien's case was considered for suspension of deportation, the matter of his inadmissibility under section 212(a)(22) on the ground that he was ineligible to citizenship by virtue of filing a Form DSS 301, was considered and discussed in granting suspension of deportation. It may be noted that the present Act differs from its predecessor, the Act of June 28, 1940, in that ineligibility to citizenship is no longer a bar to suspension. Inasmuch as the order granting suspension of deportation discussed the ground of inadmissibility arising under section 212(a)(22) of the Act, the creation of a record of lawful permanent residence on September 16, 1959, removed any known ground for exclusion which existed prior to that date. The application for advance permission to return to an unrelinquished domicile pursuant to section 212(c) of the Immigration and Nationality Act is therefore considered unnecessary. Parenthetically it may be observed that the applicant has lawful permanent residence only since September 16, 1959, and would not be eligible for such relief.[4] The order of the district director will be approved.

ORDER: It is ordered that the order of the district director dated January 8, 1964, dismissing the application for advance permission to return to an unrelinquished domicile pursuant to section 212(c) of the Immigration and Nationality Act be and the same is hereby approved.

---

[2] *Matter of H— and Y—*, 3 I. & N. Dec. 236; *Matter of K—*, 9 I. & N. Dec. 121.
[3] *Matter of S—*, 8 I. & N. Dec. 288.
[4] *Matter of S—*, 5 I. & N. Dec. 116.

493