MATTER OF S——

In SECTION 249 Proceedings

A-6420797
A-4411537

*Decided by Assistant Commissioner March 9, 1959*

**Record of lawful entry—Section 249 of 1952 act, as amended—Waives known grounds of inadmissibility provided alien retains status and no new ground of inadmissibility arises—Record of unlawful entry is equivalent of no record of lawful entry.**

(1) An alien admitted to the United States prior to June 28, 1940, in a nonquota immigrant status to which he was not entitled is not barred from qualifying for the benefits of amended section 249 of the 1952 act if he is otherwise eligible. The statutory requirement that there be no record of a lawful admission is satisfied when a record of an unlawful entry exists.

(2) A finding of inadmissibility under section 212(a)(19) of the 1952 act does not result in ineligibility for adjustment of status under amended section 249. Moreover, once a record of lawful admission for permanent residence has been created pursuant to section 249 this is considered to constitute, for purposes of reentry, a waiver of all known grounds of inadmissibility, provided the alien retains the status accorded him and no new ground of inadmissibility arises.

APPLICATION: Creation of record of lawful admission for permanent residence under section 249 of the Immigration and Nationality Act and for the benefits of sections 5 and 7 of the Act of September 11, 1957.

**BEFORE THE ASSISTANT COMMISSIONER**

**Discussion:** The applicants are husband and wife. They have filed applications to create a record of lawful admission for permanent residence under section 249 of the Immigration and Nationality Act and the cases have been certified to the Central Office.

Both applicants are natives and citizens of Turkey; the husband is 55 years of age and the wife is 52. The husband first entered the United States on January 15, 1928, with a nonquota immigration visa issued to him under section 4(a) of the Immigration Act of 1924, as the child of a United States citizen. He last entered the United States on February 26, 1932, as a citizen of the United States. The wife entered the United States on November 24, 1932, with a nonquota immigration visa issued to her under section 4(a)

of the Immigration Act of 1924, as the wife of a United States citizen. The applicants were married in France on June 24, 1926. They have three children, all citizens and residents of the United States. The youngest child was born on March 10, 1938.

In 1944 the applicants voluntarily disclosed to this Service that the nonquota visas with which they were admitted to the United States were fraudulently procured. The husband has admitted committing the crime of perjury in connection with his application for a nonquota visa under section 4(a) of the Immigration Act of 1924, in that he falsely stated that he was 18 years of age and single whereas he was, in fact, 24 years of age and married and ineligible for a nonquota visa under that section of law. He also admits the commission of the crime of perjury on November 8, 1930, when he made application for a certificate of derivative citizenship. The wife has admitted the commission of the crime of perjury on October 18, 1932, in her application for a nonquota visa under section 4(a) of the Immigration Act of 1924, as the wife of a United States citizen, in that she was aware that her husband was not and never had been, a citizen of the United States. Therefore, both applicants are inadmissible to the United States under section 212(a)(9) of the Immigration and Nationality Act. Since the nonquota immigration visas issued to them were procured by fraud they are also inadmissible under section 212(a)(19) of the act.

The applicants have established that they entered the United States prior to June 28, 1940, and that they have resided here continuously since such entry. They have established that they are persons of good moral character and that they are not ineligible to citizenship. In the case of each applicant there is a record of admission as a nonquota immigrant. However, since they were not nonquota immigrants as specified in the visas of their immigration visas they were excludable at the time of entry under section 13(a) of the Immigration Act of 1924. Therefore, since their entries were not lawful, no record of their lawful admission for permanent residence exists and they are eligible to apply for the benefits of section 249.

The applicants are inadmissible under section 212(a)(19) of the 1952 act on the ground that they procured visas by fraud. Consideration has been given to the thought that this ground of inadmissibility may be waived under the provisions of section 7 of the Act of September 11, 1957. Such action is not necessary. Under the provisions of section 249, as amended, a record of lawful admission for permanent residence may be created despite inadmissibility under any provision of the law except those provisions of section 212(a) of the act relating to criminals, procurers and other immoral persons, subversives, violators of the narcotic laws,

or smugglers of aliens. Therefore, favorable action may be taken on these applications despite a finding of inadmissibility under section 212(a)(19) of the act. When a record of lawful admission for permanent residence is created under section 249, despite a known ground of inadmissibility, such action constitutes a waiver of that ground of inadmissibility for reentry into the United States after a temporary absence so long as the alien retains the status accorded him and so long as no new ground of inadmissibility has arisen.

The husband is self-employed in the rug business with an annual income of over $5,000. In addition, the applicants own their own home valued at $18,000. Investigation discloses no derogatory information concerning the applicants other than that mentioned above. It has been established that the applicants are persons of good moral character. There is no evidence to indicate that their admission into the United States would be detrimental to the national welfare, safety, or security. It has been established that their exclusion would result in extreme hardship to their United States citizen son. They have established eligibility for creation of records of lawful admission for permanent residence under section 249 except for their inadmissibility under section 212(a)(9) of the act.

Under the authority contained in section 5 of the Act of September 11, 1957, inadmissibility under section 212(a)(9) may be waived. The applicants have established eligibility for such discretionary relief. An order will be entered waiving the ground of inadmissibility under section 212(a)(9).

**Order:** It is ordered that the application of Y——S—— and S——S—— for waiver of their inadmissibility under section 212(a)(9) be granted pursuant to the authority contained in section 5 of the Act of September 11, 1957.

*It is further ordered* that record of lawful admission for permanent residence be created in the names of Y——S—— and S——S—— pursuant to the provisions of section 249 of the Immigration and Nationality Act.