MATTER OF R——

In SECTION 249 Proceedings

A-5760666

*Decided by Assistant Commissioner March 9, 1960*

Record of lawful entry—Not precluded under section 249 where record of lawful admission for permanent residence exists but was vitiated by subsequent illegal entry.

Prior record of lawful admission in 1928 for permanent residence does not preclude adjustment of status under section 249 of the act where applicant's immigration status became unlawful as a result of illegal reentry in 1954, and he has otherwise established his eligibility under the terms of the statute.

APPLICATION:   For creation of a record of lawful entry for permanent residence under the provisions of section 249 of the Immigration and Nationality Act.

### BEFORE THE ASSISTANT COMMISSIONER

**Discussion:** The applicant, a 36-year-old single male, native and citizen of Germany, first entered the United States at New York, New York, on May 28, 1928, as a nonpreference quota immigrant for permanent residence. Since that date he has been absent from the United States on one occasion, about August 1, 1954, when he went to Canada and reentered at St. Albans, Vermont, about August 4, 1954. At the time of reentry, he falsely represented himself to be a native-born citizen of the United States and upon such claim gained entry. He was not then in possession of a reentry permit, border-crossing card, or other document authorizing his reentry into the United States as an alien. The applicant has served honorably in the Armed Forces of the United States for two periods, each for approximately one year.

An order to show cause was issued on May 3, 1956, charging deportability under section 241(a)(2) of the Immigration and Nationality Act in that he entered without inspection. An expulsion hearing was accorded the applicant by a special inquiry officer on May 17, 1956, and resulted in a finding of deportability on the charge stated with the granting of voluntary departure and preexamination. Neither of these privileges was pursued.

598

On January 13, 1959, the applicant filed an application pursuant to the provisions of section 249 of the Immigration and Nationality Act. Although there is a record of applicant's lawful admission to the United States in 1928, the district director granted the application and ordered that a record be created showing the applicant as having been lawfully admitted to the United States for permanent residence on May 25, 1959. The district director then certified the order to the Regional Commissioner who approved the order but has forwarded it to this office for review.

The issue here involved is whether the provisions of section 249 are applicable to persons in whose cases there exists a prior record of lawful admission for permanent residence. Section 249 provides, *inter alia*:

A record of lawful admission for permanent residence may, in the discretion of the Attorney General * * * be made in the case of any alien * * * *if no such record is otherwise available* * * *. (Emphasis supplied.)

A literal interpretation of the above-quoted provision would seem at first blush to preclude the applicability of section 249 to any person for whom a record of lawful entry can be found. However, section 101(a)(20) of the act defines the term lawfully admitted for permanent residence as "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, *such status not having changed*" (emphasis supplied). It has been held that illegal reentry constitutes a change of status in the case of an alien who had been a lawful permanent resident (*Matter of M——*, 5 I. & N. Dec. 642, 647). Hence, in such case no record of lawful admission is available within the meaning of section 249.

Therefore, it is concluded that although an alien may have lawfully entered the United States for permanent residence, a subsequent illegal entry vitiates the prior record of lawful admission, and if the alien is otherwise eligible, he may be granted the benefits of section 249. This finding is not inconsistent with the decision in *Matter of S——*, 6 I. & N. Dec. 392, holding that the fact that the status of a person lawfully admitted for permanent residence may have changed by reason of his subsequent deportability does not preclude the exercise of the discretionary authority contained in section 212(c) of the act, notwithstanding the definition contained in section 101(a)(20) of the act.

In the instant case the applicant has been found to be unlawfully in the United States but has established the requisite continuous residence in this country since prior to June 28, 1940. His departure in 1954 was not the result of exclusion or expulsion proceedings and his absence was temporary (*Matter of P——*, A-4577395, Int. Dec. No. 976). He also established that he is not

a member of one of the excludable classes enumerated in section 249; that he is not ineligible to citizenship; and that he is a person of good moral character. He has established that he is eligible for the benefits of section 249.

**Order:** It is ordered that the order of the district director directing that a record of lawful admission for permanent residence be created as of May 25, 1959, under the provisions of section 249 of the Immigration and Nationality Act, as amended, be and same is hereby approved.