MATTER OF PRECIADO-CASTILLO

In DEPORTATION Proceedings

A-11431809

*Decided by Board July 6, 1962.*

An alien who was lawfully admitted for permanent residence in 1918 and who was found deportable in 1961 on grounds arising subsequent to such admission is ineligible for creation of a record of lawful admission under section 249 since a record of lawful admission in his case is still available.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Two crimes involving moral turpitude, petty theft and attempted petty theft.

The case comes forward on appeal from the order of the special inquiry officer dated May 14, 1962, denying the motion to reopen to afford the respondent an opportunity to apply for adjustment of status under the provisions of section 249 of the Immigration and Nationality Act.

The record relates to a native and citizen of Mexico, 61 years old, male, who first came to the United States in January 1914. His status in this country was adjusted by payment of head tax and there appears to be a record of his lawful admission for permanent residence on June 17, 1918. He has lived in this country continuously with the exception of a 23-day visit to Mexico in October 1929. On September 12, 1961, after hearing, the respondent was found deportable under the provisions of section 241(a)(4) of the Immigration and Nationality Act on the ground that he had been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, to wit: (1) petty theft in violation of section 484 of the Penal Code of the State of California, on February 20, 1951, in the Municipal Court of Oakland, California, and (2) attempted petty theft on March 29, 1938, in the Municipal Court of Oakland, California; and was granted the privilege of voluntary departure in lieu of deportation, with the further order that if he failed to depart as required, the privilege of voluntary departure would be withdrawn without further notice and the respondent would be ordered deported on the charge contained in the order to show cause.

3

Thereafter, in April 1962, counsel for the respondent submitted a motion to the special inquiry officer for reopening of the deportation proceedings to permit submission of an application for a change of status to that of a permanent resident under section 249 of the Immigration and Nationality Act. Although counsel concedes that the respondent did in fact enter the United States for permanent lawful residence, he points out it has been determined in the deportation proceedings that he is not at this time a lawful permanent resident of the United States. He argues that the respondent's record of entry has in effect been nullified by acts committed by him since entry, and that section 249 was enacted to make available a means of adjusting status for an alien who has no effective and subsisting record of lawful admission. In connection with the appeal counsel has filed a brief in which he repeats these arguments and in addition, urges that although the respondent was once lawfully admitted for permanent residence, either in 1914 or *nunc pro tunc* in 1918, he does not now have a status which entitles him to depart from the United States and re-enter, to apply for United States Citizenship or to take advantage of any other privilege normally available to a lawful permanent resident; that he does not have an effective subsisting useable status as an alien lawfully admitted for permanent residence who has not subsequently committed acts which would render him subject to deportation; and that the phrase in section 249 "if no such record is otherwise available" means there must be available to a section 249 applicant a record of admission for permanent residence as fully effective as on the day he was lawfully admitted.

The special inquiry officer denied the motion to reopen for adjustment of status under section 249 of the Immigration and Nationality Act on the ground that in the instant case, a record of respondent's lawful admission for permanent residence is available and consequently he would not come within the purview of section 249. In addition, the special inquiry officer cited *Matter of S,—6* I. & N. Dec. 392, in which the Board held that the status of one lawfully admitted for permanent residence is not vitiated by the fact that he may subsequently have become deportable.

Section 249 of the Immigration and Nationality Act, as amended by the Act of August 8, 1958 (Public Law 85-616, 72 Stat. 546),[1] provides as follows:

A record of lawful admission for permanent residence may, in the discretion of the Attorney General and under such regulations as he may prescribe, be made in the case of any alien, as of the date of the approval of his application or, if entry occurred prior to July 1, 1924, as of the date of such entry, if no such record is otherwise available and such alien shall satisfy the Attorney

---

[1] 8 U.S.C. 1259 (C.A.P.P. 1961).

4

General that he is not inadmissible under Section 212(a) insofar as it relates to criminals, procurers and other immoral persons, subversives, violators of the narcotic laws or smugglers of aliens, and he establishes that he—

    (a) entered the United States prior to June 28, 1940;

    (b) has had his residence in the United States continuously since such entry;

    (c) is a person of good moral character; and

    (d) is not ineligible to citizenship.

The predecessor statute to section 249 was the Act of March 2, 1929; its purpose was to provide relief for aliens who entered the United States prior to July 1, 1924, (now June 28, 1940) where there was inability to locate a record of their permanent admission in comformity with the immigration law at the time of their entry. The Act of June 29, 1906, required that a registry be made of certain facts concerning each alien arriving in the United States and that "a certificate of such entry with the particulars thereof" be granted to each alien. Section 249, and its predecessor statutes was passed in order to permit the naturalization, at the discretion of the government, of aliens who did not possess this certificate of registry—a certificate which was required for naturalization. In short, section 249 is an ameliorative provision; it appears to have been designed to aid a person who has formed a substantial tie to the United States and who should not be automatically denied naturalization because of his inability to furnish the certificate.[2]

The amendments adopted in 1958 have enlarged the impact and significance of the registry proceeding and have expanded the number who can qualify. The major revision in 1958 advanced the cut off date to June 28, 1940 (the effective date of the Alien Registration Act of 1940, 54 Stat. 670), and eliminated the complete disqualification of those subject to deportation. Instead, the 1958 amendment disqualified only those inadmissible for certain aggravated grounds specified therein. Elimination of the disqualification of deportables has made this procedure for administrative adjustment of status available to many who previously were deportable as overstayed nonimmigrants or as illegal entrants.[3]

The 1952 Act in its original form, and prior enactments, barred relief to aliens who were deportable. This limitation was revised by the 1958 amendment, which withholds registry only from aliens who are inadmissible to the United States on criminal, prostitution, subversive, narcotics, or aliens smuggling grounds. This means that re-

---

[2] *Sit Jay Sing* v. *Nice*, 182 F. Supp. 292 (N.D. Cal., S.D. 1960), aff'd 287 F. 2d 561 (C.A. 9, 1961) ; 2 *U.S. Code Cong. Adm. News* (85th Cong., 2d Sess., 1958) p. 3349.

[3] Gordon & Rosenfield, *Immigration Law and Procedure* (1959), section 7.6, p. 735.

lief is available to aliens otherwise qualified under the statute, who are deportable for entry without proper inspection or documents or who overstayed the period or violated the terms of temporary entry.[4]

The statutory requirement in section 249 as amended, that there be no record of a lawful admission, is satisfied when there exists a record of admission which however is not lawful, *ab initio* as when an alien is admitted in a nonquota immigrant status to which he was not entitled.[5]

Such a situation, however, does not apply to the instant case, where the requirement in the statute, that there be no record of a lawful admission, has not been met because there does exist such a record of lawful admission and the respondent has thereafter become subject to deportation on grounds arising subsequent to such admission. The fact that an alien lawfully admitted for permanent residence subsequently became deportable for causes arising after entry does not prevent the exercise of the discretion contained in section 212(c) of the Immigration and Nationality Act, which deals with discretionary relief for an alien lawfully admitted for permanent residence, for the reason that the status of such an alien did not change because of his subsequent deportability.[6] It has been held that a record of prior lawful admission did not preclude an adjustment of immigration status under section 249 where such record of lawful admission existed but was vitiated by a subsequent illegal entry, but in that case it was pointed out that the alien's departure and subsequent illegal entry without inspection was not the result of exclusion or expulsion proceedings, his absence was temporary, and he was not a member of one of the excludable classes enumerated in section 249.[7]

In the instant case, the application for registry pursuant to section 249 of the Immigration and Nationality Act, as amended, is not available for the reason that there exists a record of lawful entry which has not been vitiated by the respondent's subsequent deportability on criminal grounds. The appeal from the order of the special inquiry officer denying the motion to reopen under the provisions of section 249 of the Immigration and Nationality Act, as amended, will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

---

[4] *Idem*, p. 738.

[5] *Matter of S—*, 8 I. & N. Dec. 288; Cf. *Matter of R—E—*, Int. Dec. No. 1110, where section 212(c) could not be used to aid a section 249 adjustment where no record of entry could be found.

[6] *Matter of S—*, 6 I. & N. Dec. 392.

[7] *Matter of R—*, 8 I. & N. Dec. 598.