**YIK SHUEN ENG, Petitioner-Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent-Appellee.**

**No. 869, Docket 72-1054.**

United States Court of Appeals, Second Circuit.

Argued July 14, 1972.

Decided July 27, 1972.

Benjamin Gim, New York City, for petitioner-appellant.

Stanley H. Wallenstein, Special Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., Joseph P. Marro, Special Asst. U. S. Atty., of counsel), for respondent-appellee.

Before FEINBERG, MULLIGAN and OAKES, Circuit Judges.

MULLIGAN, Circuit Judge:

This is an appeal from an order of the United States District Court for the Southern District, Hon. Charles L. Brieant, Jr. entered on December 6, 1971 denying the appellant's petition for naturalization. We affirm.

The appellant, Yik Shuen Eng (Eng) was born in China on December 3, 1937. He entered the United States on June 15, 1948 as Den Ark Walk, under the false claim that he was the son of Hen Fong Walk, a citizen of the United States. Under this false name, Eng later applied for and received from the Attorney General a certificate of citizenship attesting to the fact that he had acquired United States citizenship at birth. He then left the United States in 1961 and was married in Hong Kong. His wife was admitted to the United States on February 22, 1962. Eng's wife became a naturalized American citizen on June 30, 1969. She and Eng are the parents of three children all born in the United States.

On April 3, 1967, pursuant to the "Chinese Confession Program" which was an official program designed to encourage Chinese who had entered under fraudulent claims of citizenship to admit their alienage, apply for adjustment of status, and thus avoid deportation, Eng confessed his true parentage and surrendered his certificate of citizenship. He then applied for adjustment of his status to that of an alien lawfully admitted for permanent residence under Section 249 of the Immigration and Nationality Act, 8 U.S.C. § 1259.[1] His application was approved on January 20, 1970, and this became the date of his lawful admission for permanent residence in the United States pursuant to the statute.

In January, 1971, Eng submitted an application for naturalization pursuant to Section 241(f) of the Immigration and Nationality Act, 8 U.S.C. § 1251(f).[2] Failing to receive a favorable

1. § 249, 8 U.S.C. § 1259 provides:
   "A record of lawful admission for permanent residence may, in the discretion of the Attorney General and under such regulations as he may prescribe, be made in the case of any alien, as of the date of the approval of his application or, if entry occurred prior to July 1, 1924, as of the date of such entry, if no such record is otherwise available and such alien shall satisfy the Attorney General that he is not inadmissible under section 1182 (a) of this title insofar as it relates to criminals, procurers and other immoral persons, subversives, violators of the narcotic laws or smugglers of aliens, and he establishes that he—
   (a) entered the United States prior to June 30, 1948;

   (b) has had his residence in the United States continuously since such entry;
   (c) is a person of good moral character; and
   (d) is not ineligible to citizenship."

2. § 241(f), 8 U.S.C. § 1251(f) provides:
   "The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent, or a child of a United States citizen or of an alien lawfully admitted for permanent residence."

recommendation from the Immigration & Naturalization Service which conducted an interview in May, 1971, Eng petitioned the United States District Court for the Southern District of New York and was denied naturalization by the order of Judge Brieant which is now appealed.

It is not disputed that no person shall be naturalized unless he has resided continuously "after being lawfully admitted for permanent residence, within the United States for at least five years . . . ." (§ 316(a), 8 U.S.C. § 1427(a)). "The term 'lawfully admitted for permanent residence' means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed." (§ 101(a) (20), 8 U.S.C. § 1101(a) (20)). Eng's position below and on appeal is that Section 241(f) retroactively validates his original, unlawful entry; thus he was lawfully admitted to this country for permanent residence on June 15, 1948 and he has already acquired the necessary five years permanent residence. The position of the Immigration & Naturalization Service, adopted by Judge Brieant below, is that he had not been lawfully admitted for permanent residence until January 20, 1970, the date on which he was granted status adjustment under Section 249 of the Act and hence is not immediately entitled to naturalization.

We find Eng's argument, that Section 241(f) of the Act provides a basis for holding that the date of his lawful admission for permanent residence was the date of his fraudulent entry as a citizen, June 15, 1948, to be wholly untenable. Eng applied for the status of lawful permanent residence under Section 249 which specifically fixes the crucial date as January 20, 1970, the date his application was approved. Section 241(f) has nothing at all to do with naturalization. It confers no citizenship status, it simply acts as a bar under certain circumstances to the deportation of aliens who obtained admission to the United States by fraud or misrepresentation. Eng in this case is not seeking to avoid deportation and no deportation is threatened. His status as having been lawfully admitted for permanent residence as to January 20, 1970 is assured.[3]

The leading case construing Section 241(f) is Immigration & Naturalization Service v. Errico, 385 U.S. 214, 87 S.Ct. 473, 17 L.Ed.2d 318 (1966) which involved deportation proceedings and not naturalization. A reading of the case makes it abundantly clear that the intent of Congress in enacting Section 241(f) was to waive deportation for aliens who had procured visas or entry into the United States by fraud or misrepresentation if they had a spouse, parent or child who was a United States citizen, and if they were "otherwise admissible" at the time of their unlawful entry. The humanitarian purpose of the statute was to prevent "the breaking up of families composed in part at least of American citizens. . . ." Immigration & Naturalization Service v. Errico, *supra*, 385 U.S. at 225, 87 S.Ct. at 480. Section 241 is entitled "Deportable aliens—General classes", and Subsection (f) simply provides an exception to deportation in the expressed circumstances. There is no threatened breaking up of the Eng family since no deportation of Eng is contemplated or possible in view of his present status under Section 249.

3. As a matter of fact, Eng is eligible to apply for citizenship before January 20, 1975. Since his wife is an American citizen, Eng is eligible to apply for citizenship on January 20, 1973, three years after having been lawfully admitted for permanent residence (§ 319(a), 8 U.S.C. § 1430(a)). Although Mrs. Eng's citizenship was based on her husband's fraudulent claim of citizenship, we cannot assume that the Service will contest this date of eligibility. The Naturalization Examiner, in his findings of October 29, 1971, indicated that Eng would be eligible on this earlier date, and on the argument of this appeal counsel for the Service stated that no attack on her citizenship would be made.

We see no purpose in discussing the merits of the Service's position that even were Section 241(f) applicable, Eng would not be within its coverage since his misrepresentation was with respect to a false claim of citizenship and not with respect to obtaining an immigrant visa. The false claim of citizenship under which he entered, in the view of the Service, rendered him not "otherwise admissible" at the time of his entry in 1948. This distinction has been rejected in Lee Fook Chuey v. Immigration & Naturalization Service, 439 F.2d 244 (9th Cir. 1970). That case however involved deportation and not naturalization and we see no point in commenting upon the proffered distinction. Whether or not Eng could successfully defeat an order of deportation would in no event entitle him to citizenship status.[4]

Order affirmed.

---

4. In In re Yuen Lan Hom, 289 F.Supp. 204 (S.D.N.Y.1968) Section 241(f) was held applicable to permit a date of actual admission to prevail for naturalization purposes. However, the Service in that case did not contest the applicability of that statute to naturalization proceedings, but rather took the strange view that since the petitioner had made an innocent rather than a fraudulent misrepresentation, the benefits of Section 241(f) were not in any event pertinent. The Service makes no such concession in this case. Even if it had, this court could not abdicate its responsibility of applying the clear language employed by Congress. Zuber v. Allen, 396 U.S. 168, 193, 90 S.Ct. 314, 24 L.Ed.2d 345 (1969); K. Davis, Administrative Law Treatise § 5.06 (1970 Supp.).