# In re Pablo AYALA-Arevalo, Respondent

## File A42 989 249 - Philadelphia

*Decided November 30, 1998*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) A discretionary waiver under section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h) (Supp. II 1996), is not available to an alien who has been convicted of an aggravated felony, or to an alien who has not lawfully resided continuously in the United States for the statutorily required period of 7 years, where the alien has previously been lawfully admitted for permanent residence but subsequently has been found to have been excludable at entry or inadmissible on the date admitted.

(2) *Matter of Michel,* 21 I&N Dec. 1101 (BIA 1998), is not applicable to an alien who has previously been lawfully admitted for permanent residence to the United States but later claims that such admission was not lawful because he concealed from the Immigration and Naturalization Service criminal activities that, if known, would have precluded his admission, so the Immigration Judge correctly found that the respondent was statutorily ineligible for a waiver of inadmissibility under section 212(h) of the Act, *Matter of Michel, supra*, distinguished.

Stanley H. Wallenstein, Esquire, New York, New York, for respondent

Catherine Muhletaler, Assistant District Counsel, for the Immigration and Naturalization Service

Before: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, MATHON, GUENDELSBERGER, JONES, GRANT, and SCIALABBA, Board Members, Dissenting Opinion: ROSENBERG, Board Member.

JONES, Board Member:

This is a timely appeal from an April 22, 1997, decision of the Immigration Judge, finding the respondent deportable under sections 241(a)(1)(A) and (2)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. §§ 1251(a)(1)(A) and (2)(A)(i) (Supp. II 1996), and ineligible for any relief from deportation. The only issue on appeal relates to the Immigration Judge's finding that the respondent was ineligible for a waiver under sec-

tion 212(h) of the Act, 8 U.S.C. § 1182(h) (Supp. II 1996), in that he had not resided in the United States lawfully for 7 years or more, as required for an alien who has been admitted as a lawful permanent resident. The appeal will be dismissed. The request for oral argument is denied, 8 C.F.R. § 3.1(e) (1998).

## I. BACKGROUND

The respondent is a 29-year-old native and citizen of Ecuador. He entered the United States in January 1989 and reentered on July 3, 1991, at which time he was admitted as an immigrant. On April 26, 1996, the respondent was convicted in the United States District Court, District of Rhode Island, of conspiracy in violation of 18 U.S.C. § 371 (1994) (conspiracy to defraud the United States by making false statements to a department of the United States). He was sentenced to a term of 27 months' imprisonment, followed by a term of supervised release to last 3 years.

The respondent testified that he had engaged in fraudulent activity before leaving the United States and had continued this activity upon his return. The details concerning this crime are described in a grand jury indictment. In brief, the respondent served as vice-president of a firm that purportedly offered assistance in obtaining legitimate employment authorization documents from the Immigration and Naturalization Service. For a fee of several hundred dollars, the respondent's firm would prepare fraudulent applications for asylum, in which false allegations of persecution were made for the purpose of obtaining employment authorization.

The Service attempted to establish that the respondent was an aggravated felon, in that the amount of loss to the victim of the conspiracy was more than $200,000 dollars (specifically, according to notes made by an investigator, $714,000). However, the Immigration Judge found that the Service did not establish that the respondent was within the definition of an aggravated felon, due to a lack of evidence in the record relating to the amount of loss to the victim. *See* section 101(a)(43)(M)(i) of the Act, 8 U.S.C. § 1101(a)(43)(M)(i) (1994) (defining certain crimes as aggravated felonies based on the amount of monetary loss to the victim).[1] The conviction record did not include a figure for the amount of loss, and the investigator's notes, to which the Service attorney testified, were not made part of

---

[1]Statutory changes made to section 101(a)(43)(M) of the Act in 1996 reduced the amount of monetary loss to the victim or victims required to trigger a finding that a conviction was for an aggravated felony, in cases involving fraud or deceit, from $200,000 to $10,000. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, § 321(a)(7), 110 Stat. 3009-546, 3009-628 (enacted Sept. 30, 1996), However, in view of our holding, these changes are not relevant to this decision.

the record at the deportation hearing. Thus, the Immigration Judge did not find the respondent deportable as an aggravated felon. He did, however, find the respondent deportable as charged, both on the basis of his conviction for a crime involving moral turpitude, and as an alien who was excludable at entry under section 212(a)(2)(A)(i)(I) of the Act, as a result of his conviction. Further, the Immigration Judge found the respondent ineligible for a waiver under section 212(h) of the Act because he had not resided in the United States lawfully for 7 years or more immediately preceding the date of the initiation of his deportation proceedings, which was May 20, 1996.

## II. ISSUE

On appeal, the respondent argues that he is not bound by the requirement that 7 years of lawful presence be demonstrated in order to qualify for a waiver of inadmissibility under section 212(h) of the Act. It is the respondent's position that the relevant statutory provision differentiates between two classes of individuals: those who have been admitted for lawful permanent residence while concealing the presence of grounds of inadmissibility (in this case, ongoing criminal activity), and those who have been admitted for lawful permanent residence without having any grounds of inadmissibility to conceal. Stated differently, in the respondent's view, aliens who have been "lawfully" admitted for permanent residence are different from those whose admission was later found to have been in violation of law, and consequently determined to be unlawful. The respondent seeks to distinguish his case from that of other individuals previously admitted for permanent residence who lack the requisite 7 years of lawful residence because he was determined by the Immigration Judge to have been inadmissible on the date he was admitted to the United States as a lawful permanent resident on the basis that he had admitted that he was involved in an ongoing criminal conspiracy at that time. Therefore, the respondent argues that he should not be precluded from applying for relief under section 212(h) of the Act.

## III. ANALYSIS

Section 212(h) of the Act was recently amended by section 348(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-639 ("IIRIRA"), Two new sentences were added, which read as follows:

No waiver shall be granted under this subsection in the case of an alien who has *previously been admitted* to the United States as an alien *lawfully admitted for permanent residence* if either since the date of such admission the alien has been convicted of an

aggravated felony or the alien has not lawfully resided continuously in the United States for a period of not less than 7 years immediately preceding the date of initiation of proceedings to remove the alien from the United States, No court shall have jurisdiction to review a decision of the Attorney General to grant or deny a waiver under this subsection.

Section 212(h) of the Act (emphasis added).

The Act defines "lawfully admitted for permanent residence" as follows:

The term "lawfully admitted for permanent residence" means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed.

Section 101(a)(20) of the Act. While the language of section 212(h) distinguishes those who have been previously admitted for permanent residence from those who have not, *see Matter of Michel*, 21 I&N Dec. 1101 (BIA 1998), the statute does not, either expressly or by implication, distinguish between those whose admission was lawful and those who were previously admitted for lawful permanent residence but are subsequently determined to have been admitted in violation of the law. To read such a distinction into the statute would be arbitrary and capricious, *Cf. Matter of Pineda*, 21 I&N Dec. 1017, at 1021 n.2 (BIA 1998) ("The fact that a reading of a statutory provision could lead to seemingly arbitrary and capricious results is not in itself determinative of the issue of statutory interpretation, but it can be a matter to be considered in one's analysis of the meaning of particular words."). We are not persuaded by the respondent's argument that we should read his proposed distinction into the law by focusing on the term "lawfully admitted" and disregarding the entire phrase that provides the context for that term, namely "previously been admitted" to the United States as an alien lawfully admitted for permanent residence. Section 212(h) of the Act.

The respondent does not meet the revised criteria for eligibility for a waiver under section 212(h) of the Act. His case is not similar to that of the respondent in *Matter of Michel, supra*, who was never admitted to the United States as a lawful permanent resident, and was thus unaffected by statutory language limiting eligibility of those who had been admitted as lawful permanent residents. The respondent in this case had been, at the time he was convicted, admitted to the United States as a lawful permanent resident.

In support of his interpretation, the respondent cites three Board cases that analyze the meaning of the phrase "lawfully admitted for permanent residence" in the context of registry proceedings under section 249 of the Act, 8 U.S.C. § 1259 (1958), *Matter of Preciado-Castillo*, 10 I&N Dec. 3 (BIA 1962); *Matter of R-*, 8 I&N Dec. 598 (Asst. Comm'r 1960); *Matter of*

*S-*, 8 I&N Dec. 288 (Asst. Comm'r 1959). Each of these cases addresses the issue of whether the existence of a record of lawful admission for permanent residence might be, in a variety of circumstances, compatible with eligibility for registry under section 249 of the Act. While these decisions all discuss the meaning of the phrase, "lawfully admitted for permanent residence," they do not address the main issue in this case, which is whether the respondent "has previously been admitted" for permanent residence to the United States. The respondent does not examine the meaning of the word, "previously," as it is applied to this case. No legal precedent has been cited that convincingly supports the theory that the word "previously" has no application to this case.

Further, the respondent, who does not yet have a final order of deportation, still enjoys the status of an alien who has been "lawfully admitted for permanent residence," which he acquired in July 1991. He was not convicted of the offense of conspiracy to defraud the Government until April 26, 1996, and the Order to Show Cause and Notice of Hearing (Form I-221) was not issued until May 20, 1996. The fact that the respondent's criminal behavior may, in the future, prevent him from continuing to enjoy his status as one lawfully admitted for permanent residence does not confer on him the preferential treatment implicit in the current language of section 212(h), accruing to an alien who has not previously been admitted as an alien lawfully admitted for permanent residence. *See Matter of Michel, supra; cf. Matter of Wadud*, 19 I&N Dec. 182, 185 (BIA 1984) (declining to afford section 212(c) relief only to those aliens whose crime under section 241(a)(5) involved moral turpitude because to do so would be to reward those guilty of a more egregious offense for their greater culpability, and the Board was unable to conclude that Congress intended such an inequitable consequence to ensue from the implementation of section 212(c)).

Inasmuch as the respondent was admitted to the United States in lawful permanent resident status and has failed to accrue 7 years of lawful residence since the date of his admission, he is ineligible for a waiver under section 212(h). Nothing in the language of the statute supports the proposition that the respondent's conviction for a crime involving moral turpitude can or should change the historical fact that, when he entered, it was in the status of a lawful permanent resident. Section 212(h) makes no provision for the collateral effect which the respondent seeks, and we decline to read any such provision into the statute.

## IV. CONCLUSION

The respondent is clearly precluded from section 212(h) relief because he was previously admitted to the United States as a lawful permanent resident, We therefore conclude that the Immigration Judge properly found

him to be ineligible for a waiver, Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.

*DISSENTING OPINION:* Lory Diana Rosenberg, Board Member

I respectfully dissent.

I cannot agree with the majority's interpretation concerning the proper reading of section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h) (Supp. II 1996). As amended by section 348 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-639 ("IIRIRA"), a waiver under section 212(h) of the Act no longer is available to an individual who has "has previously been admitted to the United States as an alien lawfully admitted for permanent residence," making it impossible for certain aliens otherwise eligible for adjustment of status under section 245(a) of the Act, 8 U.S.C. § 1255(a) (1994), to establish admissibility under section 212 of the Act, *See Matter of Michel*, 21 I&N Dec. 1101 (BIA 1998).

If available, a waiver granted under section 212(h) of the Act could overcome several grounds of inadmissibility, including a conviction for a single offense of simple possession of 30 grams or less of marijuana; a conviction for (or admission of having committed) a single crime of moral turpitude; multiple convictions for offenses in which the aggregate sentence to confinement was more than 5 years (without regard to whether these offenses are crimes of moral turpitude); a purpose in coming to the United States or conduct involving prostitution or commercialized vice; or the commission of criminal activity regarding which the alien has asserted immunity from prosecution under the statute. A waiver under section 212(h) of the Act is, of course, subject to satisfaction of the substantive statutory elements articulated in the statute, and then subject to the discretion of the Attorney General, *Matter of Mendez*, 21 I&N Dec. 296 (BIA 1996).

The majority bases its denial of the respondent's appeal on its interpretation of the amended statute and does not reach the merits of the respondent's case. The question before us is: If the respondent was admitted as a lawful permanent resident, either based on a misrepresentation, or without the disclosure of facts that would have warranted finding him inadmissible and subject to removal, can his admission as a lawful permanent resident be said to be a prior lawful admission? The respondent argues that his prior admission as an immigrant cannot be considered lawful because, based on his criminal activity, he actually was inadmissible at the time he was admitted, making his admission unlawful. The majority concludes, nonetheless, that since he was admitted in the status of a lawful permanent resident, even an unlawful or invalid admission would disqualify him from eligibility for the waiver.

According to the majority, the statute does not distinguish "either expressly or by implication" between those who, properly or erroneously, are admitted in lawful permanent resident status. But that is not entirely true, because as discussed below, both the statute and our precedents definitely distinguish between lawful and unlawful admissions, even if the status conferred is ostensibly a "lawful" one.

First, the statutory language used in section 212(h) invokes the term "admitted" twice in the same clause in the same sentence. It states that no waiver shall be granted to an alien who "has previously been *admitted* . . . as an alien *lawfully admitted for permanent residence*." (Emphasis added.) The meaning of the word "admitted," as used initially, in the phrase "has previously been admitted," is specified in section 101(a)(13)(A) of the Act, 8 U.S.C. 1101(a)(13)(A) (Supp. II 1996), as "the *lawful* entry of the alien into the United States." (Emphasis added.) The word "lawful" has a plain meaning that we are bound to apply in interpreting the meaning of the word "admitted" in section 212(h), *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984); *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988) (emphasizing that a proper determination of the plain meaning of the statute must include examination of "the particular statutory language at issue, as well as the language and design of the statute as a whole").

As understood in both common and legal usage, "lawful" means "allowed by law." *See Webster's II New Riverside University Dictionary* 680 (1984), *Black's Law Dictionary* defines "lawful" as meaning "legal; warranted or authorized by law." *Black's law Dictionary* 885 (6th ed. 1990) ("*Black's*"). *Black's* goes on to note that the principal difference between the terms "lawful" and "legal" is "that the former contemplates the substance of law, the latter the form of law." *Id.* Thus, the term "lawful," in relation to defining "admitted," goes further than to merely denote compliance with form or technical requirements and refers to the actual content, *Id.* Consequently, "admitted," as used in "has previously been admitted," contemplates a lawful admission in essence, not merely one that may appear to have been legal in form, *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 388 (1993) (stating that words that are used in statutes are meant to carry "their ordinary, contemporary, common meaning" (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979))); *see also INS v. Phinpathya*, 464 U.S. 183, 189 (1984).

Second, to determine the meaning of the term "admitted," as used in the second portion of the clause, the majority relies on the statutory definition of the term "admitted," as used in the phrase "lawfully admitted for permanent residence." *See* section 101(a)(20) of the Act. But that begs the question, as the statute states only that "'*lawfully admitted* for permanent residence' means the status of having been *lawfully accorded* the privilege of residing permanently." *Id.* (emphasis added). Stating that a person is law-

404

fully admitted for permanent residence if he has been lawfully accorded the privilege of residing permanently in the United States says little more than that his admission in that status was accorded consistent with a prescribed process. The term "lawful" as used in the context of "lawfully accorded" clearly refers to process, not substance. It is clear that an individual could be "lawfully accorded the privilege of residing permanently," when the real facts underlying his application for admission would not support a lawful admission.

Third, as the respondent argues, he was inadmissible and ineligible for admission as a lawful permanent resident before (as well as after) his 1991 admission, because he engaged in a scheme involving fraudulent activity in which he submitted requests for employment authorization to the Immigration and Naturalization Service on behalf of unwitting asylum applicants and others. An invalid or unlawful admission for lawful permanent residence is not a lawful admission, and once it is determined not to have been lawful, such an admission is afforded no legal weight until and unless it is validated, *See, e.g., Matter of Sosa-Hernandez*, 20 I&N Dec. 758 (BIA 1993) (finding that after a grant of a waiver under section 241(f) of the Act, 8 U.S.C. § 1251(f) (1988), an alien could qualify as a lawful permanent resident having a lawful domicile of 7 years and apply for a waiver under section 212(c) of the Act); *see also Matter of Rodriguez-Esteban*, 20 I&N Dec. 88 (BIA 1989) (finding no jurisdiction to reconsider the district director's decision rescinding the respondent's permanent resident status, and suggesting that were that decision not subject to a pending motion to reconsider, the respondent whose status was rescinded would be deportable).

As we have held that a supposedly lawful admission that later is determined not to have been lawful does not confer any benefits on the offending alien that normally would have been associated with a lawful admission, I find it difficult to agree with the majority that the respondent's supposedly lawful admission—now argued by him to be unlawful—forecloses him from eligibility under the terms of section 212(h) of the Act, as amended, For example, in *Matter of Garcia*, 21 I&N Dec. 254, at 261 (BIA 1996), the Board found that because the respondent, who was subject to a deportation order, had failed to depart voluntarily before he went to the consulate and obtained his immigrant visa, and never had received advance permission to apply for admission prior to his return, "*the respondent was never "lawfully " accorded the privilege of residing permanently* in the United States as an immigrant, and he is therefore ineligible for relief under section 212(c) of the Act." (Emphasis added.) As support for this interpretation, we cited our decision in *Matter of Wong,* 14 I&N Dec. 12 (BIA 1972), *aff'd sub nom. Lai Haw Wong v. INS*, 474 F.2d 739 (9th Cir. 1973), in which we found that the admission to the United States of respondents who possessed visas to which they were not entitled never conferred a lawful status upon them, *See*

*also Matter of Roman*, 19 I&N Dec. 855 (BIA 1988) (denying nunc pro tunc permission to reapply to a respondent who was not in possession of a valid unexpired immigrant visa); *Yik Shuen Eng v. INS*, 464 F.2d 1265 (2d Cir. 1972) (finding that favorable action under the "Chinese Confession Program" does not retroactively validate an alien's original, unlawful entry as an alien lawfully admitted to this country for permanent residence, making him eligible for naturalization).

Moreover, we have recognized that a permanent resident alien seeking adjustment of status in deportation proceedings may be treated simultaneously as deportable and as an applicant for admission, *See Matter of Gonzalez-Camarillo*, 21 I&N Dec. 937 (BIA 1997); *Matter of Connelly*, 19 I&N Dec. 156 (BIA 1984); *see also  Matter of Gabryelsky*, 20 I&N Dec. 750 (BIA 1993) (finding that a lawful permanent resident may apply for a section 212(c) waiver in connection with an application for adjustment of status made in deportation proceedings); *Matter of Rainford*, 20 I&N Dec. 598 (BIA 1992) (holding that adjustment of status in the context of a deportation proceeding would result in disposing of the ground of deportability at issue). Thus, although a respondent maintains his permanent resident status until a final administrative order is issued, *Matter of Lok*, 18 I&N Dec. 101 (BIA 1981), allowing the respondent to apply for adjustment of status and a waiver under section 212(h) of the Act before the entry of a final administrative order stripping him of his lawful permanent resident status on the basis it is invalid is not dissimilar from the course we followed in those cases.

I believe that the varied usage in the statute of the terms,  "admitted," "admission," "lawfully admitted," and "lawfully admitted for permanent residence," found scattered throughout the statute, would be given effect most reasonably if we were to settle on a consistent construction of what constitutes an admission and what constitutes a lawful admission. It is implicit that permanent resident status describes a lawful status, and, similarly, a *lawful* admission for permanent residence seems most reasonably construed as referring to a lawful admission in substance, rather than merely in form. When what appears to be a lawful admission turns out to have been, in fact, an unlawful admission, it should be treated as such and the respondent's previous "lawful" admission should be rendered invalid.

The majority's conclusion that the respondent's admission for permanent residence is lawful because he went through the regular procedures seems to me to rely on form over substance and semantics rather than reason. By taking this approach, the majority concludes, in essence, that an admission for permanent residence is lawful even if it is based on fraud or ineligibility for permanent resident status, and even if it would not be considered a valid status  for most, if not all, other purposes. Although this may be a way to preclude the respondent's application for a discretionary waiver under section 212(h) of the Act in conjunction with a discretionary appli-

cation for adjustment of status, it strikes me as result-oriented, *Cf. Senathirajah v. INS*, 157 F.3d 210, 221 (3d Cir. 1998) (noting, in the context of asylum and withholding of deportation, that the agency's adjudicative procedures are not meant to be "*a search for a justification to deport*" (emphasis added)). I view it as not only shortsighted, but also as unreasonable in light of our other rulings that assess the character of an admission according to whether it actually is lawful.

I conclude that a lawful admission for permanent residence that proves to be invalid is not a lawful admission for permanent residence that poses a bar to eligibility to apply for a waiver under section 212(h) of the Act, Consequently, I dissent.