# In re Sidney MICHEL, Respondent

### File A74 342 000 - Bradenton

### *Decided by Board January 30, 1998*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Pursuant to 62 Fed. Reg. 10,312, 10,369 (to be codified at 8 C.F.R. § 240.10(a)(1) (interim, effective Apr. 1, 1997), an Immigration Judge must ascertain whether an alien desires representation in removal proceedings.

(2) An alien who has not previously been admitted to the United States as an alien lawfully admitted for permanent residence is statutorily eligible for a waiver of inadmissibility under section 212(h) of the Immigration and Nationality Act (to be codified at 8 U.S.C. § 1182(h)), despite his conviction for an aggravated felony.

FOR RESPONDENT: Lewis R. Druss, Esquire, Plantation, Florida

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: James K. Grim, Assistant District Counsel

BEFORE: Board En Banc: SCHMIDT, Chairman, DUNNE, Vice Chairman, VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, ROSENBERG, MATHON, GUENDELSBERGER, and JONES, Board Members.

ROSENBERG, Board Member:

In a decision dated May 2, 1997, an Immigration Judge found the respondent subject to removal under sections 212(a)(2)(A)(i)(1) and (6)(A)(i) of the Immigration and Nationality Act (to be codified at 8 U.S.C. §§ 1182(a)(2)(A)(i)(1) and (6)(A)(i)), determined that the respondent had made no application for relief from removal, and ordered the respondent removed from the United States. The respondent has appealed. The appeal will be sustained and the record will be remanded for further proceedings.

The respondent is a native and citizen of Haiti who is 19 years of age and has been present in the United States since 1986 without having been admitted or paroled. On December 4, 1995, the respondent was convicted as an adult in the Circuit Court in and for Broward County, Florida, of the offenses of burglary and grand theft in violation of sections 810.02(1)(3) and 812.014(1)(a)(b) of the Florida Statutes, for which he was sentenced to 2

years' imprisonment. He was served with a Notice to Appear (Form I-862) on April 15, 1997, and charged with being subject to removal under section 240 of the Act (to be codified at 8 U.S.C. § 1229(a)).

In removal proceedings before the Immigration Judge, the respondent, who was not represented, testified to a family relationship that potentially qualified him for an immigrant visa. The Immigration and Naturalization Service acknowledged that, in fact, the respondent was the beneficiary of an approved immediate relative visa petition, dated February 13, 1995, filed on his behalf by his father, who is a naturalized citizen of the United States. The Service contended, however, and the Immigration Judge found, that the respondent was ineligible for any waiver due to his conviction for an aggravated felony. The Immigration Judge determined that although the respondent had an approved visa petition, "an individual who's been convicted of an aggravated felony cannot adjust his status."

On appeal, the respondent claims that he is eligible for adjustment of status and a waiver of inadmissibility under section 212(h) of the Act.[1] He asserts that he is the beneficiary of an approved immediate relative visa petition, that he has not been admitted previously as a lawful permanent resident, that he resides with both parents, each of whom is a citizen of the United States, and that his removal from the United States will constitute extreme hardship to his parents. He contends that he did not knowingly waive his right to counsel or the opportunity to seek relief from removal for which he is eligible.

Initially we find that the respondent was not properly provided the opportunity to request counsel to represent him in the removal proceeding. The Immigration Judge advised the respondent of his rights to representation, to present evidence, and to appeal the Immigration Judge's decision. Although the Immigration Judge advised the respondent of the right to representation at no cost to the government and of the availability of free legal services programs, the Immigration Judge did not ask the respondent whether he desired representation. *See* 62 Fed. Reg. 10,312, 10,369 (1997) (to be codified at 8 C.F.R. § 240.10(a)) (interim, effective Apr. 1, 1997).

The regulations at 8 C.F.R. § 240.10(a)(1) provide: "In a removal proceeding, the immigration judge shall . . . require the respondent to state then and there whether he or she desires representation . . . ." The Immigration Judge determined that the respondent had requested an expedited hearing on his Notice to Appear and wished to have his hearing as soon as possible, but did not inquire whether the respondent desired counsel. The Immigration Judge then immediately proceeded to elicit testimony to determine whether the respondent qualified for any relief from removal. *See* 8 C.F.R. § 240.11(a)(2) (providing that the Immigration Judge "shall inform the alien of . . . apparent

---

[1] We note that contrary to the respondent's contention on appeal that the record is incomplete, all the exhibits are included in the record of proceedings.

eligibility to apply for any of the benefits enumerated in this chapter and shall afford the alien an opportunity to make application during the hearing).

In addition, we find that the amended statute does not preclude the respondent from applying for relief from removal in the form of a waiver under section 212(h) of the Act, which would enable him to demonstrate eligibility for adjustment of status. Although the respondent is charged with being removable due to a conviction constituting an aggravated felony, the record also indicates that the respondent is the beneficiary of an approved immediate relative visa petition filed by his United States citizen parent.

Section 245 of the Act (to be codified at 8 U.S.C. § 1255) provides that the Attorney General may, in her discretion, adjust the status of an alien inspected and admitted or paroled into the United States to that of an alien lawfully admitted for permanent residence if the alien applies for adjustment, the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and a visa is immediately available. The status of an alien who has not been inspected and admitted, i.e., an individual such as the respondent, who entered previously without inspection or is present in the United States without having been admitted or paroled, and whose underlying labor certification or petition for classification as one eligible for an immigrant visa is filed by January 14, 1998, also may be adjusted. *See* section 245(i) of the Act, 8 U.S.C. § 1255(i) (1994), *as amended by* the Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1998, Pub. L. No. 105-119, tit. 1, § 111, 111 Stat. 2440, 2458.

We recognize that although a conviction for an aggravated felony is not a ground of inadmissibility, the respondent is inadmissible to the United States under section 212(a)(2)(A)(i)(I) of the Act because his conviction constitutes a crime involving moral turpitude. However, an alien who is inadmissible under this section may, if statutorily eligible, seek a waiver of inadmissibility under section 212(h) of the Act. *See Matter of Mendez*, 21 I&N Dec. 296 (BIA 1996).

Section 212(h) of the Act, 8 U.S.C. § 1182(h) (1994), *as amended by* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, § 348(a), 110 Stat. 3009-546, 3009-639 ("IIRIRA"), limits statutory eligibility to apply for a waiver in certain cases, providing in pertinent part as follows:

> No waiver shall be granted under this subsection in the case of an alien *who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if* either since the date of such admission *the alien has been convicted of an aggravated felony* or the alien has not lawfully resided continuously in the United States for a period of not less than 7 years immediately preceding the date of initiation of proceedings to remove the alien from the United States.

(Emphasis added.)

In *Matter of Yeung*, 21 I&N Dec. 610 (BIA 1996), we explained that, according to the language of the amendment, an alien who previously has been admitted to the United States as a lawful permanent resident and who has been convicted of an aggravated felony since the date of such admission is ineligible for a section 212(h) waiver. We also concluded that the amendment to section 212(h) of the Act takes effect on September 30, 1996, the date of the enactment of the IIRIRA, and applies to aliens who were in exclusion and deportation proceedings as of or after that date. Section 348(b) of the IIRIRA, 110 Stat. at 3009-639; *Matter of Yeung, supra; see also Matter of Pineda*, 21 I&N Dec. 1017 (BIA 1997) (extending applicability of section 212(h), as amended, to all proceedings except those in which a final administrative order was rendered as of September 30, 1996, and remains undisturbed).

The amended version of section 212(h) applies to the respondent, as he is in proceedings that commenced with the filing of a Notice to Appear on April 17, 1997, a date after September 30, 1996. In addition, the respondent's burglary and grand theft convictions, for which he received a 2-year sentence, are aggravated felonies under section 101(a)(43)(G) of the Act (to be codified at 8 U.S.C. § 1101(a)(43)(G)).

Nevertheless, the respondent has not previously been admitted to the United States as an alien lawfully admitted for permanent residence. Section 212(h) of the Act, while specifically precluding waiver eligibility for a lawful permanent resident who has been convicted of an aggravated felony, imposes no such restriction on one who has not been admitted previously as a lawful permanent resident.

In this regard, we find that the language of the statute is clear and unambiguous. Where the language of a statute is clear, as it is here, the unambiguously expressed intent of Congress must be given effect. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984); *Matter of Fuentes-Campos*, 21 I&N Dec. 893 (BIA 1997).

We understand legislative purpose to be expressed through the plain meaning of the words used in a statute considered as a whole. *See K Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 291 (1988). The express inclusion of language in one clause or provision of the statute and its absence or exclusion in another clause or provision is to be given effect. *INS v. Cardoza-Fonseca,* 480 U.S. 421, 431 (1987); *see also Matter of Grinberg*, 20 I&N Dec. 911, 912 (BIA 1994).

We find that the language of the amendment to section 212(h) of the Act provides plainly that the aggravated felony bar to eligibility for relief applies only to an alien who has previously been admitted to the United States for lawful permanent residence. Consequently, under the present language of the statute, we hold that the respondent is not precluded from applying for a waiver under section 212(h) of the Act, and he may establish eligibility for adjustment of status in conjunction with the grant of such a waiver.

We note, however, that both a waiver under section 212(h) and adjustment of status under section 245 of the Act are forms of discretionary relief. While not a statutory bar in this case, an alien's criminal conviction may properly be a factor to be considered in the exercise of discretion. *Matter of Mendez*, 21 I&N Dec. 296 (BIA 1996) (setting forth a full range of positive and adverse factors such as age, family ties and length of residence in this country, immigration or criminal violations, the interests of society, and the hardship of removal, each of which are to be considered in discretionary adjudications under section 212(h)); *Matter of Battista*, 19 I&N Dec. 484 (BIA 1987) (emphasizing that the exercise of discretion on an adjustment application filed by an alien who was the beneficiary of an immediate relative petition approved prior to his entry as a nonimmigrant and who had been convicted of grand theft requires consideration of all factors, including his significant family ties).

Accordingly, we find that the respondent is statutorily eligible for a section 212(h) waiver. We will therefore remand the record to give the respondent an opportunity to present his applications for relief and for the Immigration Judge to adjudicate them in the exercise of discretion.

**ORDER:** The appeal is sustained and the record is remanded to the Immigration Judge for further proceedings consistent with this opinion.