**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 16 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEO KUMAR SINGH, | No. 07-73440 |
| Petitioner, | Agency No. A044-955-529 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 6, 2009[*]
San Francisco, California

Before: HAWKINS and THOMAS, Circuit Judges, and KORMAN,[**] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Edward R. Korman, United States District Court for
the Eastern District of New York, sitting by designation.

1

Deo Kumar Singh petitions for review of the Board of Immigration Appeal's ("BIA") dismissal of his appeal of an immigration judge's ("IJ") decision pretermitting his application for an INA § 212(c) waiver of inadmissability and his applications for cancellation of removal, withholding of removal, and relief under the Convention Against Torture. We deny the petition.

I

The BIA did not err in relying on a printout of the hearing minutes from Singh's sentencing hearing to determine the length of Singh's sentence for the purposes of making a *per se* "particularly serious crime" determination under 8 U.S.C. § 1231(b)(3)(B).[1] *See Anaya-Ortiz v. Mukasey*, 553 F.3d 1266, 1274-77 (9th Cir. 2009) (all *reliable information* may be considered in making a particularly serious crime determination). The hearing minutes, drafted by a court clerk in the course of the clerk's official duties, are sufficiently reliable under *Anaya-Ortiz*.

---

[1] We reject the Government's contention that we lack jurisdiction to review this issue. Singh could not have challenged reliance on the hearing minutes for the purpose of making a PSC determination on appeal to the BIA, because the BIA made its *per se* PSC determination in the first instance. Singh's failure to object to the IJ's reliance on the hearing minutes in making the *removability determination* does not preclude a later challenge to the document on different grounds.

2

The hearing minutes sufficiently establish Singh's sentence to a six-year term of imprisonment. When read in light of the statutory language of Cal. Penal Code § 288(a), the minutes show that Singh was sentenced to a suspended six-year term of imprisonment, with one year of imprisonment followed by five years of probation actually imposed. *See* 8 U.S.C. § 1101(a)(48)(B) ("[a]ny reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by the court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part.")

II

The BIA did not err in denying Singh's motion to remand to apply for adjustment of status or a waiver under 8 U.S.C. § 1182(h). Though we lack jurisdiction to review the BIA's denial of Singh's motion to remand pursuant to 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to review questions of law, 8 U.S.C. § 1252(a)(2)(D).

The BIA did not apply the wrong legal standard in determining whether to grant his motion to remand, as Singh contends. The BIA held that Singh failed to establish a likelihood of success on the merits because he made no showing that, given his aggravated felony conviction and his concealment of his past criminal

history, he otherwise merited a favorable exercise of discretion. We conclude that the BIA applied the correct legal standard. *See Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir. 1987) (to succeed on a motion to reopen, petitioner must make a prima facie showing that he is eligible for relief). Singh argues that he established his *prima facie* eligibility for adjustment of status because he was a beneficiary of an approved visa petition filed by his United States wife. But where, as here, the ultimate relief is discretionary, the BIA may "leap ahead . . . over the threshold concerns" such as whether petitioner has established a prima facie case, "and simply determine that even if [threshold requirements] were met, the movant would not be entitled to the discretionary grant of relief." *Eide-Kahayon v. INS*, 86 F.3d 147, 150 (9th Cir. 1996).

A § 212(h) waiver is not available "if the person seeking it has been convicted of an aggravated felony." *Quintero-Salazar v. Keisler*, 506 F.3d 688, 692 (9th Cir. 2007). Singh does not contest that he has been convicted of an aggravated felony. The BIA had no obligation to consider hardship to Singh's family where Singh did not meet the threshold requirement of being free of any aggravated felony convictions. *See Rodriguez*, 841 F.2d at 867.

We reject Singh's argument that he is eligible for a § 212(h) waiver because he was not "lawfully" admitted to the United States. The language of § 1182(h)

4

prohibits aliens deportable on aggravated felony grounds from obtaining a waiver if they have "previously been admitted to the United States" as an alien "lawfully admitted for permanent residence."  There is no like prohibition for aliens never "lawfully admitted" to the United States.

Singh contends that he was never "lawfully" admitted for the purposes of § 1182(h) because he obtained lawful permanent resident ("LPR") status by material misrepresentation.  Singh points to cases holding that aliens admitted as a result of fraud or material misrepresentation have been deemed not "lawfully" admitted for the purposes of other provisions of the Immigration and Naturalization Act.  Singh's reliance is misplaced.  These cases do not interpret the precise statutory language at issue here.  Section 1182(h)(1)(B) reads in relevant part, "No waiver shall be granted under this subsection in the case of an alien who has *previously been admitted* to the United States as an alien *lawfully admitted for permanent residence.*"  The issue is not whether Singh was "lawfully" admitted, but whether he was previously granted lawful permanent resident status.  *See In re Ayala-Arevalo*, 22 I. & N. Dec. 398, 400-402 (BIA 1998) (en banc).  Singh, who was granted LPR status on November 28, 1995, is subject to the aggravated felony bar under § 1182(h)(1)(B).  In addition, it would be incongruous to hold that prior fraudulent behavior affords him a new avenue of relief.

**PETITION DENIED.**