**Soon Ja WANG CHOI, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**Nos. 03–74451, 04–70357.**

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2005.\*\*

Decided May 23, 2005.

Dennis W. Jung, Esq., Honolulu, HI, for Petitioner.

---

1. *Leocal v. Ashcroft*, 543 U.S. ——, 125 S.Ct. 377, 382–83, 160 L.Ed.2d 271 (2004).

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

District Director, Office of the District Counsel, Department of Homeland Security, Honolulu, HI, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Alison Marie Igoe, Esq., Terri J. Scadron, Esq., Margot L. Nadel, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, CALLAHAN, and BEA, Circuit Judges.

MEMORANDUM \*\*\*

Soon Ja Wang Choi petitions for review of the Board of Immigration Appeals' ("BIA") denial of her motion to reopen, which claimed ineffective assistance of counsel. Wang Choi also petitions for review of the BIA's denial of her motion to reconsider this decision. We deny both petitions.

Wang Choi cannot show prejudice because the BIA indicated that it would have denied her application for adjustment of status as a matter of discretion based on her prostitution conviction. This conviction is a valid basis for denying relief. *In re Velarde–Pacheco*, 23 I. & N. Dec. 253, 257 (BIA 2002) ("[O]ur decision today does not require Immigration Judges to reopen proceedings . . . in every case in which the

---

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

respondent meets all five of the aforementioned factors. Immigration Judges may still deny motions to reopen if they determine that ... adjustment would be denied in any event, either on statutory grounds or in the exercise of discretion."); *In re Michel*, 21 I. & N. Dec. 1101, 1105 (BIA 1998) ("While not a statutory bar in this case, an alien's criminal conviction may properly be a factor to be considered in the exercise of discretion.").

PETITIONS DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.