**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3805
_____

ZYGMUNT RAKOWSKI,
a/k/a Zygmint Rakowski,
a/k/a Zygmut Rakowski,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,

Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A013-898-711)
Immigration Judge: Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 13, 2013

Before: AMBRO, JORDAN and BARRY, Circuit Judges

(Opinion filed March 14, 2013)
_____

OPINION
_____

PER CURIAM

Zygmunt Rakowski petitions for review of a decision by the Board of Immigration

Appeals (BIA).  For the reasons below, we will deny the petition for review.

Rakowski, a native of Poland, entered the United States in 1964 as a permanent resident.  On October 11, 1985, Rakowski pleaded guilty in the United States District Court for the District of New Jersey to conspiracy to distribute and possess with intent to distribute narcotic drug substances in violation of 21 U.S.C. § 846.  A.R. at 241.  In April 1996, he was convicted after a jury trial of two counts of possession of a controlled dangerous substance. A.R. at 243-46.  In May 1997, Rakowski was found guilty of possession of marijuana in the Municipal Court in New Jersey.  A.R.at 242.

In 2008, he was charged as removable for having a conviction relating to a controlled substance and as an aggravated felon for a drug-trafficking offense.  A.R. at 275-77.  From notations on the charge in the record, it appears that Rakowski conceded removability as to the controlled substance ground but denied that he was an aggravated felon.  A.R. at 277.  He applied for cancellation of removal.  In February 2009, the IJ found Rakowski removable, denied his application for cancellation of removal, and ordered him removed to Poland.  A.R. at 93.

In April 2012, Rakowski filed a motion to reopen.  He asked to apply for adjustment of status as the spouse of a citizen.  The IJ denied the motion to reopen.  She determined that he was ineligible to adjust his status because he had not shown that his convictions had been vacated.  The BIA dismissed Rakowski's appeal.  It concluded that the motion to reopen was untimely and noted that Rakowski had not applied for asylum or argued changed country conditions.  The BIA noted that Rakowski made general

2

references to ineffective assistance of prior counsel but had not made specific allegations or complied with the requirements of <u>Matter of Lozada</u>, 19 I. & N. Dec. 637, 639 (BIA 1988). The BIA also determined <u>sua</u> <u>sponte</u> reopening was not warranted because Rakowski had not shown exceptional circumstances. Rakowski filed a petition for review.

We review the denial of a motion to reopen for abuse of discretion. <u>Filja v. Gonzales</u>, 447 F.3d 241, 251 (3d Cir. 2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." <u>Sevoian v. Ashcroft</u>, 290 F.3d 166, 174 (3d Cir. 2002) (citation and quotation marks omitted). An alien generally may file only one motion to reopen, and must file the motion "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). There is an exception to the time and number requirements for motions that seek to apply for asylum relying on evidence of changed circumstances arising in the country of nationality. <u>Id.</u> at § 1229a(c)(7)(C)(ii). Because Rakowski is removable on the basis of his conviction relating to a controlled substance offense, <u>see</u> <u>id.</u> at § 1182(a)(2)(A)(i)(II), we lack jurisdiction to review his final order of removal, <u>id.</u> at § 1252(a)(2)(C), except to the extent that he raises constitutional claims or questions of law. <u>Id.</u> at § 1252(a)(2)(D).

Rakowski argues that a motion to reopen is timely if it is filed within ninety days *or* relies on "new evidence sufficient to warrant consideration." Pet'r's Br. at 12. However, the motion to reopen must be both timely filed, as noted above, *and* state the

3

new facts that will be proven if the motion is granted. See 8 U.S.C. § 1229a(c)(7)(B), (C). In his motion to reopen, Rakowski conceded that the motion was untimely.[1] A.R. at 65. Rakowski's motion to reopen does not fall within the exception to the timeliness requirement because he is not seeking to apply for asylum based on changed country conditions. The BIA did not err in denying the motion to reopen as untimely.[2]

      For the above reasons, we will deny the petition for review.

---

[1] Even if the proceedings had been reopened, Rakowski is not eligible for adjustment of status as an aggravated felon. 8 U.S.C. § 1182(h); Martinez v. Att'y Gen., 693 F.3d 408, 409 (3d Cir. 2012).

[2] Rakowski argues that the BIA's decision was arbitrary because the hearings before the IJ were not transcribed. However, as noted by the Government, the BIA informed him that he could contact the Immigration Court to listen to the tapes of the hearings. A.R. at 34. Rakowski does not indicate that he attempted to do so. The lack of hearing transcripts does not provide Rakowski with a basis for reopening his immigration proceedings.