**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1625
_____

IBRAHIM ATANDA,
                                    Petitioner

VS.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A205-671-429)
Immigration Judge:  Honorable Mirlande Tadal
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 5, 2014

Before:  HARDIMAN, NYGAARD and ROTH, Circuit Judges

(Opinion filed: September 16, 2014)

_____

OPINION
_____


PER CURIAM

Ibrahim Atanda petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal. For the reasons that follow, we will grant the petition, vacate the BIA's order, and remand for further proceedings.

I.

Atanda is a native and citizen of Nigeria who attempted to enter the United States in early 2013. The Department of Homeland Security later placed him in removal proceedings, charging him with being removable for (1) not possessing valid entry documents when he applied for admission, see 8 U.S.C. § 1182(a)(7)(A)(i)(I), and (2) seeking to procure a visa or admission into the United States by fraud or willful misrepresentation of a material fact, see 8 U.S.C. § 1182(a)(6)(C)(i). Atanda, represented by counsel, appeared before an Immigration Judge ("IJ") and conceded those charges. Atanda then applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), claiming that he had been mistreated in Nigeria on account of his conversion from Islam to Christianity in 2012.

The IJ, after holding a merits hearing, denied Atanda's application. In rejecting Atanda's asylum claim, the IJ found that Atanda's mistreatment in Nigeria did not rise to the level of past persecution. The IJ also found that Atanda's fear of future persecution was not objectively reasonable because Atanda had not demonstrated that (1) "the persecution he fears is at the hands of the government or persons that the government is unwilling or unable to control," and (2) "his fear of persecution is countrywide." (A.R. at 63-64.) The IJ explained that, because Atanda's asylum claim failed, his withholding of

2

removal claim necessarily failed, too. Lastly, the IJ determined that the allegations in support of Atanda's CAT claim "do[] not rise to the level of torture," and that "his harm is not instigated by or with the consent or acquiescence of a current public official or persons acting in an official capacity." (Id. at 68.)

Atanda, through counsel, appealed the IJ's decision to the BIA. In February 2014, the BIA dismissed the appeal. In its decision, the BIA began with the issue of past persecution. Noting that it "review[s] persecution findings *de novo*," the BIA found no reason to disturb the IJ's past persecution finding. (Id. at 4 (emphasis added).) Next, the BIA "conclude[d] that the [IJ's] finding that [Atanda] did not establish a well-founded fear of persecution is not *clearly erroneous*." (Id. (emphasis added).) The BIA then upheld the IJ's denial of withholding of removal. Finally, the BIA determined that "the [IJ's] conclusion that [Atanda] did not carry his burden of establishing that he has been or would more likely than not be tortured by or with the acquiescence of a government official in China [sic] is not *clearly erroneous*." (Id. (emphasis added).)

Atanda, now proceeding pro se, seeks review of the agency's decision.

## II.

We have jurisdiction over this petition pursuant to 8 U.S.C. § 1252(a)(1). "When, as here, the BIA affirms an IJ's decision and adds analysis of its own, we review both the IJ's and the BIA's decisions." Martinez v. Att'y Gen., 693 F.3d 408, 411 (3d Cir. 2012). We review the agency's factual findings for substantial evidence, Cheng v. Att'y Gen., 623 F.3d 175, 182 (3d Cir. 2010), and we must uphold those findings "unless any

3

reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "We review de novo constitutional claims or questions of law and the application of law to facts with appropriate agency deference." Yusupov v. Att'y Gen., 650 F.3d 968, 977 (3d Cir. 2011).

## III.

We begin our analysis by determining whether the BIA applied the appropriate standard(s) of review when it decided Atanda's appeal.[1] Under 8 C.F.R. § 1003.1(d)(3)(i), the BIA reviews an IJ's factual findings for clear error. The IJ's legal conclusions, however, are subject to de novo review. See 8 C.F.R. § 1003.1(d)(3)(ii). Accordingly, "[w]hether a particular determination by the IJ constitutes a finding of fact or a conclusion of law is significant because the characterization affects the level of deference that the BIA must give to the determination." Huang v. Att'y Gen., 620 F.3d 372, 381 (3d Cir. 2010). As explained below, the BIA mistakenly applied the more deferential clear error standard in at least one, if not two, instances when ruling on Atanda's appeal.

Whether an alien has a well-founded fear of future persecution presents a mixed question of fact and law. Id. at 384. "The factual part of the inquiry requires the IJ to evaluate what may occur when the alien is repatriated, including whether . . . he will be

---

[1] Although Atanda's pro se brief does not specifically discuss this issue, the brief *does* challenge the findings underlying the agency's denial of relief. Because the legal standard governing the BIA's review impacts our review of those findings, we decline the Government's invitation to deem the standard-of-review issue waived.

4

individually targeted based on a protected characteristic." Id. Meanwhile, "[t]he legal part of the inquiry requires the IJ to apply the objective reasonableness standard and determine whether the predicted events . . . would cause a reasonable person in the alien's situation to fear persecution." Id. Here, the IJ found that Atanda's fear of future persecution was not objectively reasonable. In upholding this finding on appeal, the BIA, despite citing Huang (and despite having correctly reviewed the IJ's *past* persecution finding de novo), did not exercise de novo review. Rather, it erroneously applied the more deferential clear error standard.[2]

It appears that the BIA may have also mistakenly exercised clear error review over Atanda's CAT claim. Although the BIA reviews the factual findings underlying an IJ's denial of CAT relief for clear error, the BIA "applie[s] a *de novo* standard of review in determining whether the claimed discrimination or mistreatment would constitute torture under the legal framework." Kaplun v. Att'y Gen., 602 F.3d 260, 272 (3d Cir. 2010). Here, the IJ denied CAT relief for two reasons: (1) Atanda's allegations did not rise to the level of torture; and (2) the alleged "harm [was] not instigated by or with the consent or acquiescence of a current public official or persons acting in an official capacity." (A.R. at 68.) On appeal, the BIA did not make clear whether it was upholding the denial

---

[2] In arguing that the BIA properly applied the clear error standard here, the Government asserts that the IJ's future persecution determination addressed only a *factual* question. We disagree. The IJ's future persecution analysis hinged on whether Atanda's fear was objectively reasonable. Because the IJ's ultimate determination that this fear was not objectively reasonable was a legal determination, the BIA should have reviewed that determination de novo. See Huang, 620 F.3d at 384.

of CAT relief based on the first reason, the second reason, or both. If the BIA intended to rely on the first reason, it erred by failing to review that aspect of the IJ's decision under a de novo standard. Even if the BIA did not so intend, we have previously explained that the lack of clarity in a BIA's decision may, by itself, warrant vacatur. See Kayembe v. Ashcroft, 334 F.3d 231, 238 (3d Cir. 2003) ("When deficiencies in the BIA's decision make it impossible for us to meaningfully review its decision, we must vacate that decision and remand so that the BIA can further explain its reasoning.").

The Government argues that any errors made by the BIA in applying the standard of review are harmless. Although we have applied harmless error analysis in the immigration context, see Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011), we have made clear that we will view a BIA error as harmless only "when it is *highly probable* that the error did not affect the outcome of the case." Id. (emphasis added). Because we are not convinced that the "highly probable" threshold has been met here, we will vacate the BIA's final order of removal and remand so that the BIA may evaluate Atanda's appeal using the appropriate standard of review. On remand, the BIA need not revisit its decision upholding the IJ's *past* persecution finding, for Atanda has not shown that the record compels disturbing that decision.

We close by addressing Atanda's claim that the IJ violated his due process rights by failing to advise him of the availability of certain waivers of inadmissibility under 8 U.S.C. § 1182. When, as here, "a due process claim amounts to a procedural error correctable through the administrative process, we consider whether the correctable error

6

was raised below for exhaustion purposes." Khan v. Att'y Gen., 448 F.3d 226, 236 n.8 (3d Cir. 2006) (internal quotation marks omitted). Because Atanda could have presented, but failed to present, this claim to the BIA, the claim is unexhausted. Accordingly, we lack jurisdiction to consider it. See Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003) (citing 8 U.S.C. § 1252(d)(1)).

For the foregoing reasons, we will grant Atanda's petition for review, vacate the BIA's final order of removal, and remand for further proceedings.