**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 15-2566

———————

JULIO CESAR GONZALES ZAMORA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

———————————————————

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A091-293-465)
Immigration Judge: Walter A. Durling

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 21, 2015

Before: AMBRO, GREENAWAY, JR. and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  December 11, 2015)

———————

OPINION[*]

———————

PER CURIAM

Julio Cesar Gonzalez Zamora ("Gonzalez Zamora") petitions for review of the

———————————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Board of Immigration Appeals' final order of removal.[1]  For the reasons that follow, we will deny the petition for review.

Gonzalez Zamora, a native and citizen of Mexico, entered the United States without inspection or parole in 1981, and adjusted his status in 1991.  He was convicted in 2011 in the United States District Court for the Southern District of Texas of conspiracy to possess with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A), and sentenced to a term of imprisonment of 70 months.  On or about October 7, 2013, Gonzalez Zamora was served with a Notice to Appear for removal proceedings.  Based on his admissions before an Immigration Judge, he was found to be removable under Immigration & Nationality Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who has been convicted of an aggravated felony as defined in INA § 101(a)(43)(B), 8 U.S.C. 1101(a)(43)(B) (illicit trafficking in a controlled substance, including a drug trafficking crime), and INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), as an alien who has been convicted of a controlled substance offense.

After being advised that he was ineligible for most forms of relief from removal, Gonzalez Zamora applied for deferral of removal under the Convention Against Torture, claiming a fear of being harmed in Mexico by his co-conspirators.  At his merits hearing in April, 2015, he testified that his sister-in-law, Magda, offered him $2,000 to participate in the drug trafficking scheme that ultimately led to his arrest and conviction.  He claimed that the leader of the scheme and other co-conspirators remained at-large in Mexico, and

---

[1] We will use the spelling of the surname provided in the Petitioner's brief.

that they might seek revenge against him for losses sustained by the group on account of his arrest, or try to recruit him for further illicit activity if he returns. He also claimed that Magda's nephew was killed in Mexico in 2011 or 2012; that his childhood friend disappeared in Mexico; and that an unidentified acquaintance was forced to work for a drug cartel after the group mistreated members of his family. He claimed further that his brother was severely beaten by one of these cartels, that they "they cut the head" of "another person that [he knew]," and that his sister-in-law "is on the list."

The IJ denied the CAT application for insufficient evidence and ordered that Gonzalez Zamora be removed to Mexico. The IJ noted that Gonzalez Zamora admitted that he has never been threatened with harm and that he has no fear that Mexican government officials will torture him. The IJ acknowledged that Gonzalez Zamora may be legitimately concerned about the prospect of being recruited by criminal elements in Mexico, but that such a fear is insufficient to prove that it is more likely than not that he would be subjected to torture by or with the consent or acquiescence of the Mexican government.

Gonzalez Zamora appealed to the Board of Immigration Appeals and submitted numerous letters from family members, including his children, expressing their need for him and supporting his efforts to remain in the United States. On June 4, 2015, the Board affirmed the IJ and dismissed the appeal. The Board noted as a threshold matter that, because his offense involved more than 5 kilograms of cocaine, Gonzalez Zamora was not eligible for a waiver of inadmissibility under INA § 212(h), 8 U.S.C. §1182(h), among other things not relevant here. The Board then concluded that there was no record

3

evidence which would support a conclusion that there is a clear probability that Gonzalez Zamora will be tortured upon his return to Mexico.

Gonzalez Zamora has timely petitioned for review, 8 U.S.C. § 1252(b)(1). The INA precludes review of final orders against aliens who, like Gonzalez Zamora, are removable for having been convicted of an aggravated felony or an offense related to a controlled substance. 8 U.S.C. § 1252(a)(2)(C).[2] We, nevertheless, retain jurisdiction over colorable constitutional claims and questions of law. Id. at § 1252(a)(2)(D). A CAT applicant must show that "it is more likely than not that [he] would be tortured in the proposed country of removal." 8 C.F.R. § 1208.16(c)(3). Kaplun v. Att'y Gen. of U.S., 602 F.3d 260 (3d Cir. 2010), holds that whether future torture is likely turned on two questions: "(1) what is likely to happen to the petitioner if removed; and (2) does what is likely to happen amount to the legal definition of torture?" Id. at 271. The first question is factual; the second is legal. See id. See also Pieschacon-Villegas v. Att'y Gen. of U.S., 671 F.3d 303, 310 (3d Cir. 2011) (same). The agency denied Gonzalez Zamora's CAT application on the basis that what is likely to happen to him in Mexico does not amount to the legal definition of torture. This is a reviewable determination. 8 U.S.C. § 1252(a)(2)(D). In addition, Gonzalez Zamora argues in his brief that he is statutorily eligible for a waiver of inadmissibility under INA § 212(h), contrary to the agency's determination that he is not. Petitioner's Brief, at 3.

We will deny the petition for review. Where, as here, the Board agrees with the decision and analysis of the IJ while adding its own reasoning, we review both decisions.

---

[2] Gonzalez Zamora does not dispute that he is removable as charged.

4

See Sandie v. Att'y Gen. of U.S., 562 F.3d 246, 250 (3d Cir. 2009).  We conclude that the agency considered all of Gonzalez Zamora's evidence, applied the correct standard of review, gave him a full and fair opportunity to present evidence, and properly determined that the record evidence does not meet the legal definition of torture.  "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining ... information or a confession, punishing [him] ... for an act [he] has committed or is suspected of having committed, intimidating or coercing, or for any reason based on discrimination of any kind." 8 C.F.R. § 1208.18(a)(1).  The torture must be "inflicted by or at the instigation of or with the consent or acquiescence of" an official person.  Id.  The prospect of being recruited by criminal elements in Mexico does not meet the legal definition of torture.  Moreover, Gonzalez Zamora failed to show a link between the Mexican government and drug cartel recruitment and violence *as it pertains to his application*.  He provided corroborating country-conditions evidence—a 2013 State Department Human Rights Report—showing that cartel violence and official corruption remain serious problems in Mexico, but this evidence also indicates that the Mexican government is making efforts to combat both. In any event, there is an insufficient link between this country-conditions evidence and Gonzalez Zamora's particular allegations.  Accordingly, the agency properly denied relief under the CAT.

Gonzalez Zamora argues in his brief that the aggravated felony bar to waivers under INA § 212(h) does not apply to him because he was not admitted as a lawful permanent resident; rather, he adjusted his status many years after he entered the United

5

States. Petitioner's Brief, at 3 (citing 8 U.S.C. § 1101(a)(13)(A) ("The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer.")). We have previously held that this is a valid distinction. See Hanif v. Att'y Gen. of U.S., 694 F.3d 479, 484 (3d Cir. 2012) (section 212(h) waiver limitation applies only where there is "a prior admission to the United States [and] that … prior admission has been made while the alien was in the status of a lawful permanent resident."). See also Martinez v. Att'y Gen. of U.S., 693 F.3d 408, 415-16 (3d Cir. 2012). More is required, however, to be eligible for a § 212(h) waiver on the basis of an "extreme hardship," 8 U.S.C. § 1182(h)(1)(B), to a qualifying relative. Under 8 U.S.C. § 1182, aliens may be inadmissible on criminal or related grounds, id. at § 1182(a)(2), but the statute provides the Attorney General the discretion to waive inadmissibility insofar as the criminal or related grounds "relate to a single offense of simple possession of 30 grams or less of marijuana," id. at § 1182(h). Gonzalez Zamora's offense is a drug conspiracy involving possession with intent to distribute more than five kilograms of cocaine. It thus does not relate "to a single offense of simple possession of 30 grams or less of marijuana" and so he is still ineligible for a § 212(h) waiver.

For the foregoing reasons, we will deny the petition for review.