**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1793
_____

YONY EUGENIO BANEGAS,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                    Respondent


_____

On Petition for Review of Orders From
The Department of Homeland Security and
The Executive Office for Immigration Review
Agency No. A076-575-377
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 15, 2019
_____

Before: GREENAWAY, JR., SHWARTZ, and PORTER, <u>Circuit Judges</u>.

(Filed: January 16, 2019)


_____

OPINION*
_____

_____

   * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Yony Banegas petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for cancellation of removal. Because Banegas's constitutional right to due process was not violated when an IJ who had reviewed the record but was not present at his cancellation hearing ruled on his cancellation application, we will deny the petition.

I

Banegas, a native and citizen of Honduras, entered the United States in 1993 and became a lawful permanent resident in 1999. In 2016, the Department of Homeland Security filed a Notice to Appear charging Banegas with removability under 8 U.S.C. § 1227(a)(2)(A)(ii) based on his theft and simple assault convictions.

IJ Walter Durling held Banegas's first five calendar hearings. IJ Barbara Cigarroa presided over Banegas's cancellation of removal hearing ("the merits hearing"). In deciding whether to exercise discretion to grant relief, IJ Cigarroa weighed positive factors, including the length of Banegas's residence in the United States, his relationship with his two minor children, and the difficulties Banegas has faced, against negative factors—chiefly Banegas's extensive record of arrests and convictions for various offenses, including driving under the influence ("DUI") and simple assault, which Banegas characterized as consisting of false allegations primarily attributed to his conflict-prone relationship with a girlfriend. At the conclusion of the merits hearing, IJ Cigarroa orally denied Banegas's application for cancellation of removal and Banegas waived his right to appeal the denial.

2

Banegas filed a motion to reopen based on incapacity due to mental illness. At the time he filed the motion, IJ Cigarroa was no longer available to resume Banegas's case. As a result, IJ Durling considered the motion, granted it, and issued a new order denying the cancellation application. Banegas appealed, and the BIA remanded the case for entry of a formal judgment on Banegas's eligibility for removal. IJ Durling held a hearing where he explained that he would familiarize himself with the record from the merits hearing before issuing a judgment. Banegas's counsel did not object.[1] IJ Durling subsequently issued a written opinion in IJ Cigarroa's name denying Banegas's cancellation application.[2]

Banegas again appealed, and the BIA remanded with instructions to the IJ to issue a new order stating whether he had reviewed the record as required under 8 C.F.R. § 1240.1(b). IJ Durling did so, confirming that "the court had in fact 'familiarized' itself with the record by reading the transcript and reviewing each and every single piece of evidence the parties submitted" in compliance with § 1240.1(b), A.R. 51, and again denied Banegas's cancellation application.[3] Banegas appealed.

The BIA dismissed the appeal, affirming the IJ's refusal to grant discretionary relief and concluding that: (1) Banegas received a fair hearing, as the IJ familiarized himself with the record and considered the totality of evidence; and (2) IJ Durling's absence from the merits hearing did not prevent him from considering Banegas's remorse

---

[1] Banegas did not attend this calendar hearing, but his counsel consented to proceed in his absence.

[2] The BIA explained that IJ Durling "signed for" IJ Cigarroa.

[3] This opinion was issued in IJ Durling's name.

and rehabilitation, as Banegas failed to specify "evidence in the record demonstrating rehabilitation and remorse." A.R. 4. Banegas petitions for review.

## II[4]

When the BIA issues its own opinion on the merits, we review the BIA's decision, not that of the IJ. Mahn v. Att'y Gen., 767 F.3d 170, 173 (3d Cir. 2014) (quoting Bautista v. Att'y Gen., 744 F.3d 54, 57 (3d. Cir. 2014)). However, where, as here, the BIA expressly adopts portions of the IJ opinion, we review both the IJ and BIA decision. Sandie v. Att'y Gen., 562 F.3d 246, 250 (3d Cir. 2009) (citations omitted). Under 8 U.S.C. § 1252(a)(2)(B), we lack jurisdiction to review denials of discretionary relief including "any judgment regarding the granting of relief," such as cancellation of removal for certain permanent residents, except that we may review "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D).[5] Under this standard, "we are

---

[4] The IJ had jurisdiction over Banegas's immigration proceedings under 8 C.F.R. § 1208.2, and the BIA had jurisdiction over the appeal under 8 C.F.R. §§ 1003.1(b) and 1240.15. We have jurisdiction over final orders of the BIA under 8 U.S.C. § 1252.

[5] The Government argues that we lack jurisdiction to review the BIA's affirmance of the IJ's discretionary decision to deny Banegas's application for cancellation of removal because Banegas does not raise a colorable legal claim, and his due process argument represents an "attempt to recast his disagreement with the way the Board exercised its discretion." Appellee's Br. at 9-10. "To determine whether a claim is colorable [for purposes of jurisdiction under 8 U.S.C. § 1252(a)(2)(D)], we ask whether 'it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.'" Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 513 n.10 (2006)). Thus, our inquiry is whether Banegas is making an "argument that the IJ abused his discretion" disguised in "legal clothing to invoke this Court's jurisdiction." Id. at 187 (internal quotation marks and citations omitted).

Banegas's claims are colorable questions of law, not veiled challenges to discretionary decisions. Banegas does not challenge how the IJ exercised his discretion; rather, he challenges whether the IJ issuing the ultimate decision on his application had

4

limited to pure questions of law, and to issues of application of law to fact, where the facts are undisputed and not the subject of challenge." Kamara v. Att'y Gen., 420 F.3d 202, 211 (3d Cir. 2005) (internal quotation marks and citations omitted). We review the BIA's legal determinations de novo. Martinez v. Att'y Gen., 693 F.3d 408, 411 (3d Cir. 2012) (citation omitted).

## III

Due process requires that those in removal proceedings receive "the opportunity to be heard at a meaningful time and in a meaningful manner." Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001) (quoting Mathews v. Eldridge, 424 U.S. 319, 333 (1976)), superceded on other grounds, Saravia v. Att'y Gen., 905 F.3d 729, 736 (3d Cir. 2018). Thus, an alien in removal proceedings "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." Id. (internal quotation marks and citation omitted). Where a petitioner claims he was deprived of his due process right to "[make] his case to the BIA or the IJ," id., "he must show (1) that he was prevented from reasonably presenting his case and (2) that substantial prejudice resulted[,]" Fadiga v.

---

the appropriate information before him as a matter of law. Because Banegas raises colorable claims that present pure questions of law, namely, whether 8 U.S.C. § 1229a(b)(2)-(3), 8 C.F.R. § 1240, and due process require an IJ to be present at a merits hearing on an application for cancellation of removal before ruling on it, we have jurisdiction under 8 U.S.C. § 1252(a)(2)(D).

5

Att'y Gen., 488 F.3d 142, 155 (3d Cir. 2007) (internal quotation marks and citation omitted). Because Banegas cannot make either showing, we must deny his petition.

A

The Immigration and Nationality Act provides that removal proceedings may take place in person, through video or (with the consent of the alien) phone conference, and even without the alien's presence, provided the parties agree and safeguards are in place "to protect the rights and privileges of the alien." 8 U.S.C. § 1229a(b)(2)-(3). Thus, there is no requirement that the proceeding must always occur in person. In addition, the regulations allow for one IJ to be substituted for another where the first IJ "becomes unavailable," as long as the new IJ "familiarize[s] himself or herself with the record in the case" and "state[s] for the record that he or she has done so." 8 C.F.R. § 1240.1(b). As a result, an IJ can rule on the merits of an application without being present at the in-person hearing.

Here, the BIA ensured that IJ Durling fully complied with 8 C.F.R. § 1240.1(b), even remanding to confirm that he had conducted a full review. At the calendar hearing following IJ Durling's substitution for IJ Cigarroa, IJ Durling told Banegas's counsel that he would familiarize himself with the record before ruling, gave counsel a chance to object and, after the BIA's remand, made clear that "the court had in fact 'familiarized' itself with the record [in compliance with 8 C.F.R. § 1240.1(b)] by reading the transcript and reviewing each and every single piece of evidence the parties submitted." A.R. 51.

Section § 1240.1(b) ensures that no procedural defect occurs that would prevent a petitioner from reasonably presenting his case and receiving due process when an IJ who

did not hear the live testimony nonetheless decides the case. Abdallahi v. Holder, 690

F.3d 467, 473 (6th Cir. 2012). Indeed, "[n]o due-process violat[ion] occurs when a

second IJ takes [over] the case" and complies with § 1240.1(b), even if "the successor IJ

specifically refuses the alien's request for an in-person hearing[.]" Gaye v. Lynch, 788

F.3d 519, 527 (6th Cir. 2015) (internal citations omitted) (discussing due process claim

arising from IJ substitution, but dismissing claim on jurisdictional grounds because the

petitioner failed to exhaust it before the BIA). Because the proceedings here complied

with § 1240.1(b), IJ Durling's absence from the merits hearing neither impaired his

ability to rule nor deprived Banegas of due process.[6]

Moreover, there is no reason to suspect that IJ Durling's absence from the merits

hearing and reliance on the paper record caused him to overlook anything material to the

evaluation of Banegas's claim. Indeed, judges often rely on documents, including

transcripts of testimony, to rule. While credibility determinations about testimony are

often based on how the witness looked, acted, and sounded while testifying, these

observations are unimportant where neither IJ made any adverse credibility

determination.

In addition, Banegas does not point to anything from the merits proceeding that IJ

Durling could not glean from the paper record regarding Banegas's remorse or

rehabilitation. Rather, as the BIA observed, "the record shows a lack of remorse and

---

[6] Likewise, contrary to his argument on appeal, Banegas' proceedings did not violate 8 U.S.C. § 1229a(b)(2)-(3). To the extent this statutory provision can be construed as guaranteeing an in-person proceeding, Banegas received one, and it occurred with all of the applicable regulatory safeguards.

rehabilitation as the respondent had repeated assault and DUI offenses, continually blamed the incidents on his girlfriend's jealousy, stated that the incidents did not happen as indicated in the police reports, and stated that he pleaded guilty so he could 'get out.'" A.R. 3-4. Because the record disclosed all the IJ needed to evaluate Banegas's alleged remorse and rehabilitation, and Banegas has not shown he was "prevented from reasonably presenting his case," Khan v. Att'y Gen., 448 F.3d 226, 236 (3d Cir. 2006), his due process claim lacks merit.

B

Even if Banegas had successfully identified a procedural defect in the consideration of his application, Banegas's due process claim still fails because he cannot show substantial prejudice. To show substantial prejudice, a petitioner must demonstrate that the alleged procedural infraction has "the potential for affecting the outcome of [the] deportation proceedings." Serrano-Alberto v. Att'y Gen., 859 F.3d 208, 213 (3d Cir. 2017) (emphasis and citation omitted). Banegas cannot make the requisite showing here because he has not identified how an in-person presentation of his case, as opposed to a comprehensive review of the transcript and the evidence he presented, might have had any effect on the outcome. This is not surprising as IJ Cigarroa reached the same conclusion at the end of the in-person hearing that IJ Durling reached after reviewing the complete record; each IJ individually declined to grant discretionary relief. Thus, Banegas has not shown that the lack of in-person presentation of his case before IJ Durling had the potential to affect the outcome of his cancellation proceedings. As a

result, Banegas has not shown substantial prejudice, <u>id.</u>, and, for this additional reason, his due process claim fails.

IV

For the foregoing reasons, we will deny the petition for review.