NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2988
_____

JOHN DOE,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(BIA-1: A216-266-959)
_____

Submitted April 1, 2019
Before: CHAGARES, HARDIMAN, SILER, JR.* *Circuit Judges*.

(Filed: April 16, 2019)

---

* The Honorable Eugene E. Siler, Jr., Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

_____

OPINION[**]

_____

HARDIMAN, *Circuit Judge*.

John Doe, a native of Turkey, petitions for review of a Board of Immigration Appeals decision denying his appeal from a final order of removal. For the reasons that follow, we will deny the petition.

I[1]

Doe's petition for review is based largely on the disjointed nature of his proceedings before three different immigration judges. Judge Walter Durling, Jr.—who presided at the master calendar hearing—found Doe inadmissible based on the charges in the Notice to Appear. Three weeks later, Doe filed an application for asylum and a merits hearing was scheduled for the following month. In the meantime, Judge Durling had retired, so Judge John Ellington presided at the second hearing. He was unable to address the merits of Doe's petition, though, because the video feed from the detention center that housed Doe was unavailable. Nevertheless, in an effort to make good use of everyone's time, Judge Ellington raised administrative matters with counsel for both sides. Toward

---

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] We have jurisdiction under 8 U.S.C. § 1252. Because the BIA affirmed an IJ's decision and added analysis of its own, we review both decisions. *Martinez v. Att'y Gen.*, 693 F.3d 408, 411 (3d Cir. 2012).

the end of the hearing, counsel for the Government raised a concern about the fact that Doe had listed his parents as potential witnesses. That prompted Judge Ellington to say, "I wouldn't have taken [the parents'] testimony today," because of ethical concerns in light of their pending immigration proceedings. II App. 21.

Doe's merits hearing occurred the following month before Judge John Carle. After Doe testified that he had a well-founded fear of persecution because of his involvement with the Hizmet movement in Turkey, Judge Carle noted: "I don't really see a lot of corroboration other than a lot of background country conditions that talk about [the Hizmet] movement." II App. 91. Doe's counsel failed to address corroboration in response, so Judge Carle asked counsel for the Government whether corroboration was an issue for her and she responded affirmatively. Judge Carle then said to Doe's attorney, "I think in fairness, [counsel], I want to give you just an opportunity to, if you could, give me any reason why you don't have something from [Doe's] mom and dad or a relative or even relatives that are residing in Turkey. Can you give me an explanation for why?" II App. 96. The attorney then explained the difficulty of obtaining sworn evidence from relatives in Turkey because of their fear of retribution by authorities. And regarding Doe's parents, his counsel explained:

> we were going to call the mother and father and [*sic*] who would substantially testify to all the aspects of the respondent's claim, Your Honor. However, when we were last in front of Judge Ellington, back in February, you know, we were made aware of certain conflict of interest issues that were brought before the judge and the Government and it was, it was our decision not to, you know, based on this conversation, not to bring the father and the mother

3

in[]to testify . . . . Unfortunately, as far as the corroborating evidence, Your Honor, that's the best explanation I can provide you.

II App. 97.

In a thorough oral decision, Judge Carle denied Doe's application for asylum, withholding of removal, and relief under the Convention Against Torture. In doing so, he recognized the applicability of our decision in *Abdulai v. Ashcroft*, 239 F.3d 542 (3d Cir. 2001), regarding Doe's failure to corroborate his testimony. The BIA affirmed the IJ's decision, highlighting the lack of corroboration.

## II

The crux of Doe's argument is that he is entitled to relief because of the way the agency handled the corroboration issue. Specifically, Doe claims Judges Ellington and Carle (A) failed to provide notice of the required corroboration; and (B) rendered the corroborating evidence "legally [un]available" by preventing Doe's parents from testifying. These arguments fail because they are based on flawed premises.

## A

As Doe noted, our precedents require "Immigration Judges to 'give the applicant notice of what corroboration will be expected and an opportunity to present an explanation if the applicant cannot produce such corroboration'" before ruling on the petition. *Saravia v. Att'y Gen.*, 905 F.3d 729, 737 (3d Cir. 2018) (quoting *Chukwu v. Att'y Gen.*, 484 F.3d 185, 192 (3d Cir. 2007)); *see also Abdulai*, 239 F.3d at 554 (first enunciating the inquiry). That occurred here. Judge Carle told Doe that lack of

4

corroboration was an issue, specified that his concern related to the relatives one would expect could corroborate Doe's testimony, and asked him (twice) to explain why it wasn't presented. That notice and opportunity to explain satisfy our requirements. *See Saravia*, 905 F.3d at 737.

B

Doe next argues that corroboration by his parents was not "legally available" because Judge Ellington ruled their testimony inadmissible, which should preclude the agency from holding its absence against him. The transcript of that hearing shows otherwise. Judge Ellington's comment that "I wouldn't have taken [the parents'] testimony today" was nothing more than a valid ethical concern stemming from Doe's parents' pending immigration proceedings. II App. 21. After Doe's attorney said, "I'll probably just have them submit some statements in lieu of the testimony," II App. 19, the Government showed its cards by warning that it would "ask that the Court not give those declarations any weight," II App. 22. Judge Ellington did not rule on the hypothetical declarations or potential testimony. Instead, he instructed Doe's attorney to deal with the ethical concerns, to which Doe's attorney responded, "I will." II App. 21.

At the merits hearing, Judge Carle asked Doe's attorney to explain why Doe's parents didn't testify. Counsel responded, "when we were last in front of Judge Ellington . . . we were made aware of certain conflict of interest issues . . . and it was, it was *our* decision not to, you know, based on this conversation, not to bring the father and the mother in[]to testify." II App. 97 (emphasis added). He did not argue that Doe

5

somehow was prevented from securing a waiver so his parents could testify. Nor did he mention what became of the possible declarations in lieu of their testimony. Instead, he explained "it was our decision . . . not to bring the father and the mother in[]to testify." *Id.* In view of these representations, Judge Carle found this "was an informed decision on the part of counsel," I App. 18, and we see no reason to conclude otherwise.

In sum, neither Judge Ellington nor Judge Carle did anything to prevent Doe's parents from testifying or to preclude him from offering corroboration from any other source. Thus, we are not "compelled to conclude that such corroborating evidence is unavailable," and will deny the petition for review. 8 U.S.C. § 1252(b)(4)(D); *see Saravia*, 905 F.3d at 736–37.[2]

---

[2] Doe also suggests it was fundamentally unfair for Judge Carle to fault him for the lack of evidence Judge Ellington had ruled inadmissible. This claim—which simply recasts the previously discussed claim in a constitutional light—can be denied for the reasons already stated. Even more fundamentally, Doe failed to exhaust the claim before the agency. *See Khan v. Att'y Gen.*, 448 F.3d 226, 235–36 & n.8 (3d Cir. 2006).